Irene HOEHLE, Appellant,

v.

Vera LIKINS et al., Appellees.

Vera J. LIKINS, Appellant,

v.

Irene HOEHLE, Appellee.

Nos. 76–1089, 76–1118.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1976.

Decided July 22, 1976.

---

Michael Fargione, Legal Aid Society, Minneapolis, Minn., for Irene Hoehle.

Michael R. Saeger, Asst. Atty. Gen., St. Paul, Minn., for Vera Likins; Warren Spannaus, Atty. Gen. and Thomas L. Fabel, Deputy Atty. Gen., St. Paul, Minn., on the briefs.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

This appeal raises issues pertaining to the validity of the "flat grant" allocation system utilized by the State of Minnesota in determining the amount of welfare payments under the Aid to Families With Dependent Children (AFDC) program. Under the flat grant system, when a person not eligible for AFDC lives in the same household with those entitled to AFDC, the standard of need and thus the amount of benefits are automatically reduced according to a specified formula without considering the income or earning ability of the noneligible person or whether he contributes financially to the AFDC household. Plaintiff Irene Hoehle attacks that system and the underlying state regulations claiming that they conflict with the Social Security Act and regulations promulgated thereunder.[1] The district court (Judge Donald P. Alsop) determined that this system was in part invalid and granted plaintiff declaratory relief.[2] The State of Minnesota appeals from that adverse judgment.

The district court, however, denied Mrs. Hoehle class action status and she cross-appeals from that determination. We affirm the judgment of the district court on the State of Minnesota's appeal, but reverse on the plaintiff's cross-appeal and direct that the district court certify this proceeding as a class action.

The parties stipulated to the facts in this case. Plaintiff has an income of $160 per month from Social Security. Prior to August 1975, Mrs. Hoehle resided in Minneapolis with her two minor children and received a monthly AFDC grant based on her standard of need of $330 per month as established by the Minnesota Family Allowance Schedule. Because of her receipt of Social Security, Mrs. Hoehle's AFDC grant at that time amounted to the difference between $330 a month and the amount of her Social Security check or $170 per month.

In June of 1975, Mrs. Hoehle's 19-year old son, Eric Driscoll, who was then unemployed, moved into his mother's home. Subsequently, the Hennepin (Minneapolis) County Welfare Department reclassified the household as a "shared"[3] household for AFDC purposes and under the state regulations, Mrs. Hoehle's AFDC grant was reduced from $170 per month to $65 per month.

The State of Minnesota, through its Commissioner of Public Welfare, Vera J. Likins, contends that the federal district court lacked jurisdiction and that the classification system for shared and nonshared households established by the State does not violate the federal Social Security Act and the regulations promulgated thereun-

---

1. *See* 42 U.S.C. § 606(a) and 45 C.F.R. 233.-90(a).

2. The district court opinion is reported at 405 F.Supp. 1167 (D.Minn.1975).

3. A "shared" household is defined as
   [o]ne in which *one* or more eligible persons for the AFDC program lives with and shares the living costs with: (1) one or more non-eligible (AFDC) persons in that household, or (2) one or more eligible (AFDC) persons receiving assistance as a separate payment unit.
   A "nonshared" household is defined as
   [o]ne in which *all* persons in that household are eligible for and receive assistance in one AFDC check. [*Hoehle v. Likins,* 405 F.Supp. at 1176–77.]

der. The district court rejected Ms. Likins contentions.[4]

■ We likewise reject Ms. Likins' contentions and affirm the judgment invalidating the classification procedures relating to shared and nonshared households for reasons enunciated in Judge Alsop's comprehensive, well-reasoned opinion.

■ We believe, however, that the district court erred in declining to certify a class action in this case. The risk of mootness is great in this litigation and the issue raised is important not only to appellee, but others similarly situated. Under these circumstances, the district court should have certified a class action to allow the plaintiff in this litigation to represent other persons receiving AFDC payments, similarly situated, whose benefits have been or will be curtailed because the household is considered "shared" by reason of the presence of a third person therein, who cannot make any contribution to mutual expenses.

Accordingly, we affirm the district court on the appeal of Vera J. Likins, No. 76–1118. In No. 76–1089, on remand we direct that the district court certify an appropriate class for representation by Mrs. Hoehle

4. The district court judgment provided as follows:

It is ordered that plaintiffs' motion for summary judgment be and the same hereby is granted as follows:

1. Declaring that the provisions of the AFDC Program Manual of the Minnesota Department of Public Welfare are inconsistent with the provisions of 45 CFR § 233.90 and therefore invalid insofar as they are applied to classify as shared households the households of plaintiffs and other AFDC recipients who reside with non-legally obligated individuals not eligible for AFDC absent proof of actual contributions by the non-legally obligated non-recipients.

2. Enjoining the defendants, herein, their successors in office, agents and employees, and persons in active concert or participation with them, from reducing the AFDC benefits of plaintiffs and other AFDC households based upon the mere presence of a non-legally obligated non-recipient in the household absent proof of actual contributions by the non-recipient and any reduction thereafter shall be only to the extent of such actual contributions.

and modify the judgment to inure to the benefit of the certified class.

3. Providing that nothing in the judgment or order shall prevent the defendants, herein, their successors in office, agents and employees, and persons in active concert or participation with them, from making any other wise lawful adjustment in the standards of need set forth in the AFDC Family Allowance Schedule of the Minnesota Public Welfare AFDC Program Manual.

4. Providing that nothing in the judgment or order shall prevent the defendants, herein, their successors in office, agents and employees, and persons in active concert or participation with them, from altering the structure of said AFDC Family Allowance Schedule in any lawful manner. [405 F.Supp. at 1175.]