**Irene HOEHLE et al., Appellants,**

v.

**Vera J. LIKINS et al., Appellees.**

No. 76–1952.

United States Court of Appeals,
Eighth Circuit.

Submitted March 28, 1977.

Decided April 4, 1977.

Luther A. Granquist and Michael G. Fargione, Minneapolis, Minn., filed brief for appellants.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Thomas H.

Jensen, Sp. Asst. Atty. Gen., St. Paul, Minn., filed brief for appellees.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

This is an appeal from an amended judgment entered pursuant to our remand in *Hoehle v. Likins,* 538 F.2d 229 (8th Cir. 1976). We affirm.

Irene Hoehle commenced this litigation as a class action, challenging Minnesota's "flat grant" allocation system used for calculating AFDC benefits. Under that system, a recipient's benefits were reduced if a noneligible person lived in the same household, irrespective of whether that person contributed to the household income.

In December 1975, the district court entered judgment for the plaintiff, finding the challenged system to be inconsistent with certain federal regulations, and, thus, invalid.[1] It enjoined the defendants from reducing benefits for Hoehle and other AFDC households based on the presence of a noneligible person without a showing of actual contribution, and then only to the extent of that contribution. The court declined, however, to certify the action as a class action. The court also stayed execution of its judgment until February 1, 1976, and provided further that upon the timely prosecution of an appeal, execution would be suspended pending the ultimate determination of such appeal.

Both sides appealed. In a decision issued on July 22, 1976, we affirmed the district court's disposition of the merits, but held that the refusal to certify a class of plaintiffs was erroneous. Accordingly, we remanded the cause with directions to "certify an appropriate class for representation by Mrs. Hoehle and modify the judgment to inure to the benefit of the certified class." *Hoehle v. Likins, supra* at 231.

On remand, the district court entered an amended judgment, certifying a class of

---

1. The Honorable Donald P. Alsop. The district court opinion is reported at 405 F.Supp. 1167 (D.Minn.1975).

plaintiffs and providing that the class members would be entitled to relief as of August 1976, the month in which our mandate was issued to the district court. Plaintiffs had contended that the class should be awarded retroactive relief, effective February 1, 1976; however, the court rejected that argument, stating *inter alia,* that doing so would entail administrative costs disproportionate to the aggregate sum of benefits involved.

Plaintiffs now prosecute the instant appeal from that portion of the district court's order fixing the effective date of relief as August 1976, rather than February 1. They maintain that the order is inconsistent with this court's mandate and an abuse of discretion.

In directing the district court to certify a class action, we emphasized the great "risk of mootness." *Id.* at 231. Our mandate left the question of the scope of relief to be awarded the class to the district court's discretion. The district court did not abuse its discretion or commit error in entering a judgment granting relief to the class as of August 1976.

Affirmed.