Nancy GATTER et al.

v.

Max CLELAND et al.

Civ. A. No. 79–2296.

United States District Court,
E. D. Pennsylvania.

May 16, 1980.

Bonnie P. Bazilian, Community Legal Services, Philadelphia, Pa., Mark Kaufman, Delaware County Legal Assistance Association, Inc., Darby, Pa., for Carl and Marie Nardi.

Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for Federal defendants.

Mari M. Gursky, Philadelphia, Pa., for Fidelity Bond & Mortgage Co. and Lomas & Nettleton Co.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiffs in this action are homeowners with mortgages guaranteed or insured by the Veterans Administration. The loan guarantee or insurance is provided pursuant to the Veterans' Home Loan Guaranty and Insurance Program, *see* 38 U.S.C. § 1801 *et seq.*, and its avowed purpose is to encourage homeownership among veterans by reducing the risk of loss to private lenders. Under the Program, before suit on or foreclosure of a delinquent loan may occur, the lender must notify the Veterans Administration of the default. 38 U.S.C. § 1816(a). Within thirty days after the notice the VA

may, at its option, take an assignment of the mortgage and relieve the private lender of his risk of loss. 38 U.S.C. § 1816(a).

Plaintiffs allege that they defaulted on their loans, but were never notified of the availability of a mortgage assignment program. Indeed, they allege that the program created by 38 U.S.C § 1816(a) has either been abandoned or unimplemented in the Philadelphia area. According to ¶ 48 of the complaint, no assignments of mortgages have been granted by the VA Center of Philadelphia for the years 1976, 1977, 1978 and 1979.

Plaintiffs charge violations of 38 U.S.C § 1816(a), the fifth amendment and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). On behalf of a proposed class, they seek declaratory relief and an injunction requiring the VA to implement the mortgage assignment program by giving notice to veterans of the possibility of assignment, developing written standards for reviewing each defaulting borrower's situation and giving the borrower a written statement of the reasons why an assignment was rejected. Individually, they seek an order enjoining the private lenders on their mortgages from continuing foreclosure proceedings already commenced. They also ask the Court to order the VA to accept an assignment of their mortgage loans. Defendants named in the complaint include not only the VA and its officers nominally in charge of the program, but also the mortgagees on the named plaintiffs' loans—The Fidelity Bond and Mortgage Company, the Kennedy Mortgage Company and the Lomas and Nettleton Company.

Pending before the Court are three motions: (1) motion to dismiss for lack of subject matter jurisdiction filed by two of the private lenders, Fidelity and Lomas; (2) plaintiffs' motion for class certification pursuant to Rule 23(b)(2); and (3) motion to intervene filed by prospective plaintiffs Carl and Marie Nardi. For the reasons set forth below, we will deny the non-federal

defendants' motion to dismiss. We will grant plaintiffs' motion for class certification and the Nardis' motion to intervene.

## I. JURISDICTION

With regard to the private lenders, plaintiffs allege that subject matter jurisdiction exists by virtue of either 28 U.S.C. § 1331(a) (the federal question statute) or 28 U.S.C. § 1337. Because we find our jurisdiction properly invoked under § 1331(a), we need not decide whether the Veterans Benefit Act of 1958 pursuant to which the disputed program was enacted is an "Act regulating commerce" within the purview of 28 U.S.C. § 1337.

In order for jurisdiction to attach under § 1331(a), the matter in controversy, exclusive of interest and costs, must exceed the value of $10,000.[1] Defendants Fidelity and Lomas contend that the amount in controversy here is the equity owned by each plaintiff in his home, for that amount represents the maximum each plaintiff could be damaged in the mortgage foreclosure proceedings. Plaintiffs contend, on the other hand, that the amount in controversy is the value of the home itself, measured either by the initial purchase price or by the amount sought by the non-federal defendants in mortgage foreclosure.

The initial purchase price of the Gatters' home was $16,000, and Fidelity requests a judgment against the Gatters in mortgage foreclosure in the amount of $17,021.10. However, the Gatters have paid only $512.13 toward the reduction of principal on their loan. Similarly, the initial purchase price of the Bernsteins' home was $29,100, and defendant Lomas requests a judgment of $32,788.89 in mortgage foreclosure. However, the Bernsteins have paid only $163.48 toward the reduction of principal on their loan.

Traditionally, the rule of valuation in injunctive relief cases is that the jurisdictional amount is measured by the value of

1. It is undisputed that the matter "arises under the Constitution, laws or treaties of the United States" as § 1331(a) additionally requires.

the property right which the plaintiff seeks to have protected. *See generally*, 1 Moore, Federal Practice, ¶ 0.95 at 912–14. In this action, plaintiffs seek to enjoin the private lenders from foreclosing their mortgages. Thus, the property right sought to be protected is the right to peaceful possession and enjoyment of the homes, not merely the right to the equity owned therein. While it can be argued and, indeed, plaintiffs have argued, that this right is invaluable, we believe that fair market value is as accurate a measure as any of its worth. *See Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973); *see also Rank v. Cleland*, 460 F.Supp. 920 (C.D.Cal.1978). Since the parties apparently agree that the fair market value of each plaintiff's home exceeds $10,000, the minimum jurisdictional amount is met.

## II. CLASS CERTIFICATION

Pursuant to Fed.R.Civ.P. 23(b)(2), plaintiffs move for certification of a class comprised of "all homeowners with VA-insured or guaranteed mortgages residing in the area served by the Veterans' Administration Center of Philadelphia who default in their mortgage payments." This motion is opposed not only by the VA and its officers, but also by the private defendants who extended mortgage loans to the named plaintiffs.

As we read the complaint, all claims for classwide relief are asserted against the federal defendants exclusively. (¶¶ 51–56 of the Complaint). The private lenders have been joined only so that plaintiffs can obtain individual injunctive relief halting the foreclosure proceedings on their own homes. (¶¶ 57–73). Because the causes of action against the mortgage companies are individual claims, we will certify the proposed class only as against the federal defendants.

2. Rule 23(a) provides:
(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are

Before an action may be allowed to proceed on behalf of a class under Rule 23(b), all four requirements of Rule 23(a) must be satisfied. In capsulized form, those requirements are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.[2] Each of the four requirements is mandatory, and the party seeking certification of the class bears the burden of establishing that all are met. *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974).

It is undisputed that plaintiffs have established numerosity. Between January 1, 1977 and the commencement of this lawsuit, there occurred more than ten thousand (10,000) defaults on VA-insured or guaranteed loans in the Philadelphia region. Defendants contend, however, that the proposed class lacks the requisite thread of commonality. They point out: (1) that no veteran has an absolute right to have his mortgage assigned; and (2) that the VA's decision to accept or refuse assignment rests on individual, not common, circumstances.

Having carefully reviewed the class claims, we believe this contention misses the focus of the lawsuit. On behalf of the class, plaintiffs do not challenge the VA's exercise of discretion in particularized circumstances. They allege, by contrast, that the VA has failed to implement the mortgage assignment program in the Philadelphia region, failed to promulgate adequate criteria for its administration and failed to provide notice to veterans of the program's existence. Thus, what plaintiffs attack is the absence of the program, not an abuse in its administration. It may be, as defendants urge, that the VA is authorized, but not mandated, to institute the mortgage assignment program. That, however, is the central issue in this lawsuit. Rather than showing the absence of a class, it shows that plaintiffs raise common questions of law or fact as Rule 23(a)(2) requires.

questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Defendants also contend that the claims of the named plaintiffs are not typical of those of the proposed class. They maintain that two of the named plaintiffs are separated from their veteran husbands and that all three would be willing to settle their individual claims in return for abandonment of the class claims.

In the context of this lawsuit, we see no legal significance in the fact that two of the named plaintiffs are separated. Despite the rift in their marriages, they, like all other members of the class, remain homeowners with VA-insured or guaranteed mortgages who defaulted in their mortgage payments. In any event, even if they could not represent the proposed class, the named plaintiffs who are not separated (the Bernsteins) could.

Nor is the mere presence of claims for individual relief in a class action an indication that the named plaintiffs have personal interests antagonistic to those of the class. Settlement is always a possibility, even where the named plaintiffs request for themselves the same relief sought for the class. In recognition of the potential for abuse, Fed.R.Civ.P. 23(e) establishes a safeguard by requiring the Court to approve any dismissal or compromise of a class action. Furthermore, there is no reason to believe that these plaintiffs would abandon the class claims in exchange for a favorable individual settlement. There is no evidence to this effect, and there is no inherent conflict between the named plaintiffs' individual claims and the class claims.

Finally, the federal defendants contend that a class action is unnecessary to provide the relief requested. They argue that if plaintiffs convince the Court that the VA owes them certain duties, then those duties must flow to every veteran with a VA-insured or guaranteed mortgage. Thus, the VA will provide all other veterans with the rights ordered for plaintiffs.

We find this contention unpersuasive for three reasons. First, it is a tacit admission that the prerequisites of Rule 23(a) and (b)(2) are satisfied, namely that there exist questions of law or fact common to the class, that plaintiffs' claims are typical of the class claims, that plaintiffs will adequately represent the interests of the absent class members and that defendants have "acted or refused to act on grounds generally applicable to the class . . .."

Second, we decline to impose a "need" requirement where there is no explicit authorization for it in the Federal Rules of Civil Procedure. Indeed, since a (b)(2) class must, by definition, be cohesive and homogeneous, *see Wetzel v. Liberty Mutual Insurance Company*, 508 F.2d 239, 256 (3d Cir. 1975), the adoption of a "need" requirement would virtually eliminate class certification under Rule 23(b)(2) for there would rarely be a need to have the questions presented by a class rather than by an individual litigant.

Finally, refusal to certify a class where a class action initially appears unnecessary may ultimately lead to disastrous consequences for the unrepresented class members. *See* Note, *The "Need Requirement": A Barrier to Class Actions Under Rule 23(b)(2)*, 67 Georgetown L.J. 1211 (1979). For example, the claims of the named plaintiffs might be mooted, thereby precluding all relief in favor of the class. Moreover, discovery and admissible evidence would be confined to individual rather than to class claims, making uncertain, in fact, whether relief would flow to the class. In short, certification of the class protects the interests of the absent class members.

We find that plaintiffs have satisfied the requirements of Rule 23(a) and (b)(2). Accordingly, we will grant their motion for class certification.

## III. INTERVENTION

 Carl and Marie Nardi move for permissive intervention as plaintiffs pursuant to Fed.R.Civ.P. 24(b) and 23(d). Defendants resist the motion on two grounds: (1) that intervention is unnecessary since the proposed intervenors will be members of the plaintiff class; and (2) that the only purpose for the proposed intervention is to stay the state foreclosure proceedings pend-

ing against the Nardis, a result defendants claim is prohibited by the federal Anti-Injunction Act, 28 U.S.C. § 2283 *et seq.*[3]

Rule 24(b) allows permissive intervention when (1) application is timely; (2) the parties have a common question of law or fact; and (3) intervention will neither unduly delay nor prejudice the rights of the original plaintiffs or defendants. There is no dispute that the Nardis have met these threshold requirements, for their complaint is virtually indistinguishable from that of the original plaintiffs and it was filed timely. Consequently, we need consider only whether the sound exercise of discretion favors the intervention.

As defendant Fidelity points out, the Nardis seek intervention primarily to obtain individual injunctive relief. In their proposed complaint, they ask the Court to stay the foreclosure proceedings instituted by Fidelity and to order the VA to accept an assignment of their mortgage loan. Because the issues raised are identical to those raised by the original plaintiffs and relief in favor of the class would not grant the Nardis the remedy they seek, judicial economy and equity support intervention.

Furthermore, Rule 23(d) permits the Court to allow intervention to improve or strengthen the representation of the class. *See Groves v. Insurance Co. of North America*, 433 F.Supp. 877, 888–89 (E.D.Pa.1977). To the extent that there may be legal significance—now unforeseen—in the fact that two of the named plaintiffs are separated from their veteran-husbands, the addition of the Nardis, a married couple living in the same household, may be helpful in assuring adequate representation of the class.

Finally, we turn to the contention that the relief sought by the Nardis is barred by the federal Anti-Injunction Act. Defendant Fidelity raised this contention only peripherally in its response to the motion to intervene, and the Nardis elected not to file

a reply brief. So, in all, the issue has received scant attention. Because it involves potentially complex questions of law and fact, we believe it deserves a fuller hearing. To this end, we will permit the Nardis to intervene, and defendant Fidelity may then oppose any requested relief.

### ORDER

AND NOW, this 16th day of May, 1980, upon consideration of all pending motions in this action, IT IS ORDERED:

1) The non-federal defendants' motion to dismiss is DENIED;

2) Plaintiffs' motion for class certification pursuant to Rule 23(b)(2) is GRANTED. Plaintiffs may maintain this action on behalf of a class comprised of "all homeowners with VA-insured or guaranteed mortgages residing in the area served by the Veterans' Administration Center of Philadelphia who default in their mortgage payments." The class is hereby certified only as to the federal defendants; and

3) The motion to intervene filed by the Nardis is GRANTED.

---

**3.** Section 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.