**BUCKLEY POWDER CO., for Itself, and on Behalf of Similarly Situated Entities, Plaintiff–Appellant and Cross–Appellee,**

v.

**STATE of Colorado; Gale Norton, in Her Official Capacity of Attorney General of the State of Colorado; Department of Revenue for the State of Colorado; Renny Fagan, in His Official Capacity as Executive Director, Department of Revenue; Dee Hartman, in His Official Capacity as Director, Division of Motor Vehicles, Department of Revenue; Larry D. Huls, in His Official Capacity as Assistant Director, Motor Vehicle Division, Department of Revenue; Jean Gouin, in Her Official Capacity as Program Administrator, Motor Vehicle Division, Department of Revenue; and Jaki Berry, in Her Official Capacity as Administrative Officer, Motor Carrier Services, Motor Vehicle Division, Department of Revenue, Defendants–Appellees and Cross–Appellants.**

No. 94CA1584.

Colorado Court of Appeals, Div. V.

March 7, 1996.

Rehearing Denied April 11, 1996.

Certiorari Granted Oct. 15, 1996.

King & Isaacson, P.C., Scott E. Isaacson, Salt Lake City, Utah, for Plaintiff–Appellant and Cross–Appellee.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge ROY.

On behalf of itself and others, plaintiff, Buckley Powder Co. (Buckley), commenced these proceedings against the State of Colorado and the named individual defendants in their official capacities as elected or appointed Colorado officials (collectively Colorado) challenging the constitutionality of motor vehicle taxes imposed on certain trucks used in interstate commerce. Buckley appeals from the judgment of the trial court denying class certification pursuant to C.R.C.P. 23, the failure of the trial court to provide any remedy after declaring the challenged taxes unconstitutional, the dismissal of its declaratory judg-

ment action, and the granting of partial summary judgment to Colorado with respect to Buckley's claims pursuant to 42 U.S.C. § 1983 (1988). We affirm in part, reverse in part, and remand with directions.

The facts are not in dispute. In 1989, the General Assembly substantially revised the method for taxing trucks operating on state roads. *See* Colo. Sess. Laws 1989, ch. 356, § 42–3–123 at 1583. Following the amendments, the registration fee for trucks weighing over 16,000 pounds gross vehicle weight operating solely within Colorado ranged from $180 to $1,800 per year. Colo. Sess. Laws 1989, ch. 356, § 42–3–123(13)(b) at 1589–90. For comparable trucks used in interstate commerce, the registration fees ranged from $1,050 to $1,800. Colo. Sess. Laws 1989, ch. 356, § 42–3–123(13)(b.3) at 1590–91. In addition, intrastate trucks travelling over 30,000 miles a year in Colorado were taxed according to the same fee schedule as all interstate trucks.

In 1990, the General Assembly provided that every interstate truck and trailer operated in Colorado was Class A personal property, Colo. Sess. Laws 1990, ch. 301, § 42–3–105(1)(a) at 1793, and intrastate trucks and trailers were classified as Class B personal property, § 42–3–105(1)(b), C.R.S. (1993 Repl.Vol. 17). As a result, vehicles over 10 years old used in interstate commerce were taxed at the rate of $10 per vehicle while similar vehicles used in intrastate commerce were taxed at the rate of $3 per vehicle. *Compare* § 42–3–106(2), C.R.S. (1993 Repl. Vol. 17) (Class A property) *with* § 42–3–106(11), C.R.S. (1993 Repl.Vol. 17) (Class B property).

Buckley, a Colorado corporation domiciled in Colorado that registers its trucks in Colorado for use in interstate commerce, initially sought certification of three separate classes of vehicle owners. It challenges the certification requirements for Class II and Class III, but does not appeal the denial of the certification of, and any remedy for, Class I.

Putative Class II consists of all owners of trucks and tractor trailers operated in interstate commerce who registered vehicles in Colorado beginning June 1, 1989, and who operate vehicles for less than 30,000 miles per year within Colorado. With respect to Class II, Buckley alleged that the administration of Colo. Sess. Laws 1989, ch. 356, § 42–3–123(13)(b) & (b.3), violated the Commerce Clause, U.S. Const. art. I, § 8, cl. 3.

Putative Class III is composed of all vehicle owners who registered vehicles 10 years of age or older at the time of registration beginning April 16, 1990, which vehicles are operated in interstate commerce. With respect to Class III, Buckley alleged that Colo. Sess. Laws 1990, ch. 301, § 42–3–105(1)(a) at 1793, constituted a facial violation of the Commerce Clause.

As to both Class II and Class III, Buckley alleged two other claims: (1) Colorado violated 42 U.S.C. § 1983 through its enforcement of the taxing scheme; and (2) Buckley was entitled to a declaratory judgment on its claims for relief, an injunction against Colorado from further collection of taxes under the statutes, and a refund of any taxes paid that were greater than those paid by similarly situated intrastate carriers.

On cross-motions for summary judgment, the trial court declared the challenged tax statute unconstitutional, but declined to provide Buckley any remedy. Following the trial court's ruling, our supreme court reached the same conclusion in *Riverton Produce Co. v. State*, 871 P.2d 1213 (Colo.1994), holding that Colo. Sess. Laws 1990, ch. 301, § 42–3–105(1)(a) and the administration of Colo. Sess. Laws 1989, ch. 356, § 42–3–123(13)(b) & (b.3), violated the Commerce Clause.

## I.

Buckley first contends that the trial court erred in determining that it did not satisfy the requirements of C.R.C.P. 23 on the grounds that there was a lack of need for class certification. We agree.

In its ruling on certification of the classes, the court stated that Buckley had "arguably" fulfilled the four requirements of C.R.C.P. 23(a), but did not discuss whether Buckley fulfilled the requirements of C.R.C.P. 23(b)(2) or C.R.C.P. 23(b)(3), concluding instead that it could determine the constitu-

tionality of the statutes at issue regardless of whether it treated the action as an individual or a class action. Hence, it ruled that there was no need for a class action.

■ The decision to certify a class is within the trial court's discretion, and such decision will not be disturbed unless it is clearly erroneous or results from an erroneous application of the law. *Kuhn v. State,* 817 P.2d 101 (Colo.1991), *cert. dismissed,* 504 U.S. 901, 112 S.Ct. 1925, 118 L.Ed.2d 533 (1992); *Ammons v. American Family Mutual Insurance Co.,* 897 P.2d 860 (Colo.App.1995).

■ In our view, however, need, which is not a delineated requirement of C.R.C.P. 23(b)(2) and C.R.C.P. 23(b)(3), lies outside the scope of the rule and cannot be invoked as a basis for denying class certification.

Some courts have developed a requirement for class action certification by which the party seeking class certification must show a special need that cannot be satisfied by an individual action. *See Dionne v. Bouley,* 757 F.2d 1344 (1st Cir.1985); *Craft v. Memphis Light, Gas & Water Division,* 534 F.2d 684 (6th Cir.1976); *Martinez v. Richardson,* 472 F.2d 1121 (10th Cir.1973); *Ihrke v. Northern States Power Co.,* 459 F.2d 566 (8th Cir. 1972); *see generally* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.40[3] (2d ed. 1991); 1 H. Newberg, *Newberg on Class Actions* § 4.19 (3d ed. 1992).

The better rule, in our view, is that there is no need requirement in C.R.C.P. 23 actions. As one commentator has stated:

> [A] *need* requirement finds no support in Rule 23 and, if applied, would entirely negate any proper class certifications under Rule 23(b), a result hardly intended by the Rules Advisory Committee.

H. Newberg, *supra,* § 4.19; *see* J. Moore & J. Kennedy, *supra,* ¶ 23.40[3].

Federal courts that have expressly considered this issue in cases in which the issue is the constitutionality of a statute or regulation have rejected need as a requirement for certification under Fed.R.Civ.P. 23, which is identical to C.R.C.P. 23. *See Penland v. Warren County Jail,* 797 F.2d 332 (6th Cir. 1986); *Brown v. Scott,* 602 F.2d 791 (7th Cir.1979). Other federal courts have disap-

proved trial court orders denying class certification based solely on lack of need. *See Geraghty v. United States Parole Commission,* 579 F.2d 238 (3d Cir.1978), *vacated on other grounds,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Vickers v. Trainor,* 546 F.2d 739 (7th Cir.1976); *Hoehle v. Likins,* 538 F.2d 229 (8th Cir.1976).

We hold, therefore, that the trial court erred in denying class certification because of a lack of need.

Because the trial court did not determine whether Buckley satisfied the requirements of C.R.C.P. 23(b), the matter must be remanded to the trial court for it to make such determination.

II.

Buckley next contends that the trial court erred in allowing the Colorado Department of Revenue to determine the form of the remedy for collecting an unconstitutional tax. Buckley argues it is the obligation of the trial court, after declaring the collected tax unconstitutional, to provide it with a remedy. We agree.

In formulating its remedy, the trial court relied on *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 31, 39–40, 110 S.Ct. 2238, 2247, 2251–52, 110 L.Ed.2d 17, 32, 37, 38 (1990), in which the Supreme Court stated:

> If a State places a taxpayer under duress promptly to pay a tax when due and relegates him to a postpayment refund action in which he can challenge the tax's legality, the Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief to rectify any unconstitutional deprivation.

> . . . .

> To satisfy the requirements of the Due Process Clause ... the State must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy' ... for any erroneous or unlawful tax collection to ensure that the

opportunity to contest the tax is a meaningful one.

[A] State found to have imposed an impermissibly discriminatory tax retains flexibility in responding to this determination.... In the end, the State's postdeprivation procedure would provide petitioner with all of the process it is due: an opportunity to contest the validity of the tax and a 'clear and certain remedy' designed to render the opportunity meaningful by preventing any permanent unlawful deprivation of property.

The *McKesson* court then noted that a state has a range of available remedies to satisfy its obligation:

[The State] may satisfy this obligation through any form of relief, ranging from a refund of the excess taxes paid by petitioner to an offsetting charge to previously favored [taxpayers], that will cure any unconstitutional discrimination against interstate commerce during the contested tax period. The State is free to choose which form of relief it will provide, so long as that relief satisfies the minimum federal requirements we have outlined.

*McKesson Corp. v. Division of Alcoholic Beverages & Tobacco, supra,* 496 U.S. at 51–52, 110 S.Ct. at 2258, 110 L.Ed.2d at 45.

■ Buckley argues that *McKesson* contemplates a remand to the state court for the design and implementation of a remedy, not a referral to the taxing agency, *i.e.,* the Colorado Department of Revenue, for a choice of remedy. We agree.

The overall posture of this case is unusual. The action was commenced as a class action challenging the constitutionality of a Colorado tax and the sole relief sought was a refund. The trial court denied class certification, but addressed the constitutional issue and ruled in favor of plaintiff. Meanwhile, *Riverton Produce Co. v. State, supra,* which involved identical counsel and no request for class certification, was on appeal and the supreme court held the statute at issue here unconstitutional.

Colorado has an established postdeprivation (refund) procedure, the constitutional adequacy of which has never been challenged or determined. Section 39–21–108, C.R.S. (1994 Repl.Vol. 16B). The statute also calls for the payment of interest to the taxpayer. Section 39–21–110, C.R.S. (1994 Repl.Vol. 16B).

Under this statutory scheme, the only postdeprivation remedy or procedure contemplated is a refund with interest. And, the only postdeprivation remedy requested in this proceeding, other than injunctive relief, is damages (refund), and the only relief requested and granted in *Riverton* was, likewise, damages.

The Attorney General has filed with this court an affidavit indicating that the Colorado Department of Revenue, subsequent to *Riverton,* has instituted a "voluntary refund" plan with respect to the tax at issue here.

Under these circumstances, in our view, absent a class certification, the court is obligated to conduct a hearing and to determine plaintiff's damages, if any, and enter judgment as required.

In the event the trial court, on remand, certifies the class, then the court will be required to fashion a remedy based on the proposals and recommendations of the parties to assure the identification of class members, notice, claims procedures, and payment which accord due process to the class. We recognize that the court's design and implementation of a class remedy may, at this juncture, be duplicative of the procedures already established by statute and the efforts already undertaken by the Department of Revenue. In light of the statutory scheme and the posture of the case before us, however, we perceive no clear alternative to remanding this matter to the trial court, and none has been suggested.

### III.

Buckley next contends that the trial court erred in entering summary judgment for the defendants on their claims under 42 U.S.C. § 1983. We disagree with Buckley's contention, although for reasons other than those relied upon by the trial court.

■ A party may defend the trial court's judgment on grounds not decided by the trial

court, as long as the party's rights are not increased. *See Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo.1991).

After both the trial court's holding in this case and our supreme court's holding in *Riverton Produce Co. v. State, supra,* the United States Supreme Court held in *National Private Truck Council, Inc. v. Oklahoma Tax Commission,* 515 U.S. ——, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), that the Supremacy Clause, U.S. Const. art VI, cl. 2, and the Tax Injunction Act, 28 U.S.C. § 1341 (1994), preclude any injunctive and declaratory relief in cases brought under 42 U.S.C. § 1983 challenging a state tax when there are other adequate remedies under state law.

The Tax Injunction Act, 28 U.S.C. § 1341 (1994), states:

> The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law when a plain, speedy and efficient remedy may be had in the courts of such state.

The Court concluded that, if federal courts could not grant injunctive relief for state tax cases based on 42 U.S.C. § 1983 claims, then state courts were likewise limited:

> In determining whether Congress has authorized state courts to issue injunctive and declaratory relief in state tax cases, we must interpret § 1983 in light of the strong background principle against federal interference with state taxation. Given this principle, we hold that § 1983 does not call for either federal or state courts to award injunctive and declaratory relief in state tax cases when an adequate legal remedy exists.

*National Private Truck Council, Inc. v. Oklahoma Tax Commission, supra,* 515 U.S. at ——, 115 S.Ct. at 2355, 132 L.Ed.2d at 517.

■ Therefore, while parties can pursue 42 U.S.C. § 1983 claims based on a violation of the Commerce Clause, *Dennis v. Higgins,* 498 U.S. 439, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991), they cannot seek injunctive or declaratory relief in state tax cases if there is a speedy and efficient state remedy.

It is not nearly as clear whether *National Private Truck Council* also applies to mone-

tary relief. In its analysis, however, the Supreme Court cited *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), in which it had previously held that federal courts could not entertain damages actions under 42 U.S.C. § 1983 in state tax cases when state law furnishes an adequate legal remedy. Therefore, by implication, state courts are similarly limited. *See also Zizka v. Water Pollution Control Authority,* 195 Conn. 682, 490 A.2d 509 (1985).

Our supreme court in *Riverton Produce Co. v. State, supra,* prior to *National Private Truck Council, Inc. v. Oklahoma Tax Commission, supra,* permitted a 42 U.S.C. § 1983 action challenging the identical statutes under consideration in this matter. In so ruling, however, the court did not consider the effect of the Tax Injunction Act on 42 U.S.C. § 1983 claims in state court and limited its inquiry to the Commerce Clause and 42 U.S.C. § 1983. *Riverton* was premised on an interpretation of *Dennis v. Higgins, supra,* which also did not consider the implications of the Tax Injunction Act. Hence, we do not view *Riverton Produce Co.* as dispositive precedent.

■ In our view, Buckley's claims are precluded because adequate state remedies are available. First, Buckley can, as it does here, seek declaratory relief. *See* § 13–51–106, C.R.S. (1987 Repl.Vol. 6A); C.R.C.P. 57. Second, Buckley can, and did, seek injunctive relief under state law. *See* C.R.C.P. 65. Third, as previously noted, administrative remedies are available, § 39–21–101, et seq., C.R.S. (1994 Repl.Vol. 16B), together with judicial review thereof, § 24–4–106, C.R.S. (1988 Repl.Vol. 10A).

Therefore, we conclude that the trial court was correct in granting Colorado's motion for summary judgment with respect to Buckley's 42 U.S.C. § 1983 claims. Having concluded that an action pursuant to 42 U.S.C. § 1983 does not lie, we necessarily also conclude that Buckley's claim for attorney fees pursuant to 42 U.S.C. § 1988 (1988) is likewise untenable.

## IV.

■ Lastly, Buckley contends that the trial court erred in not granting a declaratory judgment in its favor. We agree.

█ The Uniform Declaratory Judgments Law, § 13–51–101, et seq., C.R.S. (1987 Repl. Vol. 6A), is intended to provide a method to relieve parties from uncertainty and insecurity with respect to their "rights, status, and legal relations," and such provisions are, therefore, to be "liberally construed and administered." Section 13–51–102, C.R.S. (1987 Repl.Vol. 6A); *see Villa Sierra Condominium Ass'n v. Field Corp.*, 878 P.2d 161 (Colo.App.1994).

A division of this court has stated:

One whose rights or status may be affected by statute is entitled to have any question of construction determined provided that a substantial controversy between adverse parties of sufficient immediacy to warrant the issuance of a declaratory judgment exists.

*Silverstein v. Sisters of Charity*, 38 Colo.App. 286, 291, 559 P.2d 716, 720 (1976).

A court may enter declaratory judgment whether or not a party is entitled to further relief. Section 13–51–105, C.R.S. (1987 Repl. Vol. 6B).

In this instance, the trial court's holding in declaring the statutes unconstitutional, without more, is in essence a grant of declaratory relief. Buckley's tax liability turned on the issue of the construction and constitutionality of two statutes. *See Toncray v. Dolan*, 197 Colo. 382, 593 P.2d 956 (1979). Therefore, on the issue of the constitutionality of the disputed statutes, the trial court should have entered declaratory judgment in favor of Buckley and should also enter it in favor of any classes it certifies.

The trial court's judgment is reversed as to the denial of class certification and denial of a declaratory judgment. The cause is remanded for entry of an order granting declaratory relief and for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

DAVIDSON and CASEBOLT, JJ., concur.