STATE of Colorado;  Gale A. Norton, in her official capacity as Attorney General of the State of Colorado;  Department of Revenue for the State of Colorado;  Renny Fagen, in his official capacity as Executive Director, Department of Revenue, Dee Hartman, in his official capacity as Director, Division of Motor Vehicles, Department of Revenue;  Larry Huls, in his official capacity as Assistant Director, Motor Vehicle Division, Department of Revenue;  Jean Goin, in her official capacity as Program Administrator, Motor Vehicle Division, Department of Revenue;  and Jaki Berry, in her official capacity as Administrative Officer, Motor Carrier Services, Motor Vehicle Division, Department of Revenue, Petitioners,

v.

BUCKLEY POWDER CO., for itself, and on behalf of similarly situated entities, Respondent.

No. 96SC243.

Supreme Court of Colorado,
En Banc.

Sept. 15, 1997.

Rehearing Denied Oct. 20, 1997.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to determine if the court of appeals erred in *Buckley Powder Co. v. State*, 924 P.2d 1133 (Colo.App.1996), when it reversed the district court's denial of class certification under C.R.C.P. 23 for lack of need.[1] Buckley Powder Co. (Buckley) brought suit on behalf of itself and others alleging that the State's motor vehicle registration and tax statutes as amended in 1989 and 1990 violated the commerce clause and seeking injunctive and declaratory relief and refunds of the allegedly improperly collected taxes. Because our intervening decision in *Riverton Produce Co. v. State*, 871 P.2d 1213 (Colo.1994), rendered Buckley's claims for injunctive and declaratory relief moot, certification of a class under C.R.C.P. 23(b)(2) is likewise mooted. Thus, we reverse that part of the court of appeals' decision directing the trial court to consider class certification under C.R.C.P. 23(b)(2). With respect to C.R.C.P. 23(b)(3), we reject the court of appeals' analysis of need, but uphold its order remanding the case to the district court to determine whether a class should be certified under C.R.C.P. 23(b)(3). Buckley's remaining claim for monetary damages requires the trial court to consider class certification under C.R.C.P. 23(b)(3), and we conclude that the rule does not prohibit consideration of need.

## I.

This suit arises from the amendment of Colorado's statutes regarding registration and ownership tax schedules for interstate and intrastate motor vehicle carriers. In 1989, Senate Bill 159 was signed into law, amending section 42-3-123(13)(b) and (b.3), 17 C.R.S. (1990), which provided registration fees schedules for interstate and intrastate motor vehicle carriers. *See* Ch. 356, sec. 2, § 42-3-123, 1989 Colo. Sess. Laws 1583, 1583–91. In 1990, House Bill 1148 was signed into law, amending section 42-3-105, 17 C.R.S. (1991). *See* Ch. 301, sec. 4, § 42–

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Paul Farley, Deputy Attorney General, Larry A. Williams, First Assistant Attorney General, Mark W. Gerganoff, Assistant Attorney General, State Services Section, Denver, for Petitioners.

King & Isaacson, P.C., Scott E. Isaacson, Salt Lake City, UT, Hutchinson Neider Ward & King, Richard C. Hutchison, Murray, UT, for Respondent.

1. We granted certiorari on the following issue: When the constitutionality of a statute is in issue, whether a Colorado trial court possesses the discretion to consider "useful purpose" of, or "need" for, class certification, when determining whether to grant class certification under C.R.C.P. 23?

3–105(1)(a), 1990 Colo. Sess. Laws 1792, 1793. The amended subsections 42–3–123(13)(b) and (b.3) provided for differential registration fees for interstate and intrastate trucks. Specifically, while both classes of trucks were assessed registration fees based upon their weight, intrastate trucks were given a reduced rate based on a sliding scale for total miles traveled in the state per year. The fee schedule resulted in intrastate vehicles traveling less than 30,000 miles a year in Colorado being assessed lower fees than similarly situated interstate vehicles.

The amended section 42–3–105 provided for differential ownership taxes for interstate and intrastate motor vehicles ten years old or older. The statute classified vehicles involved in interstate commerce as Tax Class A, while all other vehicle registrants (i.e., intrastate vehicles) were designated as Tax Class B. Tax Class A vehicles ten years old and older were subject to a specific ownership tax of ten dollars. Similarly aged Tax Class B vehicles, on the other hand, were taxed only three dollars.

Buckley is an interstate trucking company which brought suit on January 26, 1993, claiming that the new legislation, sections 42–3–123(13)(b) and (b.3) and section 42–3–105, violated the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. Buckley sought injunctive and declaratory relief and a refund of the taxes allegedly collected in violation of the Constitution. At the district court's order, the parties filed cross-motions for summary judgment, including a motion by Buckley to have the action maintained as a class action.

Buckley sought to have three classes certified under C.R.C.P. 23. The denial of class certification for Class I was not appealed, and therefore we address only the denial of the certification of proposed Classes II and III. Class II consists of all owners of trucks and tractor trailers operated in interstate commerce which were registered to travel in Colorado beginning June 1, 1989 and travel less than 30,000 miles per year in Colorado. Class III consists of all owners of trucks, tractor trailers, and trailers operated in interstate commerce which registered to travel in Colorado from April 16, 1990 through the date of the filing of the complaint that were ten years old or older when registered.

On March 30, 1994, the district court issued an order in which it denied Buckley's motion for an order determining that the action be maintained as a class action. However, the district court granted Buckley's motions for summary judgment on its claims that sections 42–3–123(13)(b) and (b.3), and section 42–3–105 were violations of the Commerce Clause on their face. The district court did not order damages at that time, leaving the choice of remedy to the discretion of the state. On May 4, 1994, this court delivered its opinion in *Riverton Produce Co. v. State*, 871 P.2d 1213 (Colo.1994), in which we held the statutes at issue in this case to be unconstitutional as a violation of the Commerce Clause. Buckley subsequently filed a motion to alter or amend the district court's March 30 order to conform with our decision in *Riverton*. On July 14, the district court in this case issued its order, once again denying Buckley's motion for class certification and declining to order monetary damages, leaving the form of remedy to the State's discretion.

Buckley appealed the district court's March 30 and July 14 orders to the court of appeals. Buckley specifically appealed the following: (1) the court's denial of class certification for alleged Classes II and III; (2) the court's refusal to order relief under Buckley's prevailing claims of the unconstitutionality of the statutes; (3) the court's dismissal of its claims of alleged violations of 42 U.S.C. § 1983 (1988) and for attorneys fees under 42 U.S.C. § 1988 (1988); and (4) the court's dismissal of its claims for declaratory relief for Classes II and III.

As to class certification, the court of appeals read the district court's orders as a denial of class certification under both C.R.C.P. 23(b)(2) and 23(b)(3) for lack of need. The court of appeals then determined that the district court erred in denying class certification for lack of need, reasoning that neither C.R.C.P. 23(b)(2) nor 23(b)(3) contained a need requirement. Because the court of appeals believed that the district court had not determined whether the proposed classes otherwise met the require-

ments of C.R.C.P. 23(b), the court of appeals remanded the case to the trial court to make such a determination. The State then petitioned this court for certiorari to determine if the court of appeals had erred in reversing and remanding the case to the district court on the issue of class certification.

## II.

■ We begin our analysis by outlining the rules governing class certification. The certification of an action as a class action is governed by C.R.C.P. 23. C.R.C.P. 23 is virtually identical to Fed.R.Civ.P. 23, and we often look to a similar federal rule for guidance in interpreting our own. *See Mountain States Tel. & Tel. Co. v. District Court,* 778 P.2d 667, 671 (Colo.1989); *Goebel v. Colorado Dep't of Insts.,* 764 P.2d 785, 794 n. 12 (Colo. 1988). "The decision of whether to certify a class action lies within the discretion of the trial court and will not be disturbed unless the decision is clearly erroneous and an abuse of discretion." *Friends of Chamber Music v. City and County of Denver,* 696 P.2d 309, 317 (Colo.1985).

To be certified as a class, a party must first meet the requirements of C.R.C.P. 23(a), which states in relevant part:

(a) **Prerequisites to Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) The class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

C.R.C.P. 23(a).

In this case, the trial court found that Buckley had satisfied the C.R.C.P. 23(a) requirements.[2] If the requirements of C.R.C.P. 23(a) are satisfied, an action then may be maintained as a class action only if it meets the additional requirements of one of the three subsections of 23(b). *See Mountain States Tel. & Tel. Co.,* 778 P.2d at 671. This case involves possible certification under C.R.C.P. 23(b)(2) and 23(b)(3), which provide in relevant part:

(b) **Class Actions Maintainable.** Any action may be maintained as a class action if the prerequisites of section (a) are satisfied, and in addition:

. . . .

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(A) The interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(D) The difficulties likely to be encountered in the management of class action.

C.R.C.P. 23(b)(2) and (3).

■ The determination of the appropriate subsection under which a class should be certified depends largely upon the type of relief sought by the putative class. *See* 5 James Wm. Moore, *Moore's Federal Practice* § 23.40[1], at 23–152 (3d ed.1997). C.R.C.P.

---

**2.** The State has argued to this court that the district court did not clearly hold that Buckley had satisfied the requirements of C.R.C.P. 23(a). We disagree. The district court stated that "[a]rguably, [Buckley] has proven the four Rule 23(a) requirements," but that "[i]t is the Rule 23(b)

prerequisites that [Buckley] has not proven." We find that the district court thus determined that Buckley had proven the requirements of C.R.C.P. 23(a), and we do not consider the State's argument to the contrary.

23(b)(2) certification is appropriate for classes seeking predominantly injunctive or declaratory relief. *See Goebel,* 764 P.2d at 795, 1 Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 4.11, at 4–39 (3d ed. 1995 Supp.). C.R.C.P. 23(b)(2) class certification is not prohibited where damages are sought in addition to the injunctive and declaratory relief if the damages can be characterized as incidental to the other relief requested. *See Goebel,* 764 P.2d at 795; Newberg & Conte, *supra,* § 4.14, at 4–46. However, C.R.C.P. 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages," Moore, *supra,* § 23App.04[2], at 23App.–12; *see also Goebel,* 764 P.2d at 795.

■■■ Certification under C.R.C.P. 23(b)(3), on the other hand, is appropriate for classes seeking primarily monetary damages.[3] *See Goebel,* 764 P.2d at 795. Furthermore, certification under C.R.C.P. 23(b)(3) provides greater discretion for a trial court in making such a determination, specifically allowing the consideration of many different factors in deciding whether a class action is the superior method of adjudication. *See* Newberg & Conte, *supra,* § 4.28, at 4–113.

### III.

The court of appeals found that the district court had denied class certification under both C.R.C.P. 23(b)(2) and 23(b)(3) due to lack of need. The court then held that the trial court erred in its determination because it improperly considered a need requirement as a prerequisite to certification. The court of appeals stated that "need, which is not a delineated requirement of C.R.C.P. 23(b)(2) and C.R.C.P. 23(b)(3), lies outside the scope of the rule and cannot be invoked as a basis for denying class certification." *Buckley Powder,* 924 P.2d at 1136. Although the court of appeals correctly noted the federal precedent both for and against denying class certification for lack of need, the court failed

to distinguish between certification under C.R.C.P. 23(b)(2) and (b)(3) on this issue. This was error.

■■■ At trial, Buckley argued to the district court that Classes II and III could be certified under either C.R.C.P. 23(b)(2) or (b)(3). Buckley contended that both subsections applied because it sought injunctive and declaratory relief with regard to the unconstitutionality of the statutes as well as monetary damages in the form of refunds of past taxes and fees. Between the district court's March 30 and July 14 orders, however, this court decided *Riverton,* declaring the statutes in question in this case to be unconstitutional. Buckley now acknowledges that *Riverton* determined the issue of the constitutionality of the statutes and argues that this case was brought for the express purpose of obtaining refunds of the illegal taxes and fees imposed on interstate truckers. Thus, we find that *Riverton* has rendered Buckley's claims for injunctive and declaratory relief moot, and Buckley's remaining claims concern predominantly monetary relief. As such, class certification under C.R.C.P. 23(b)(2) is not appropriate, and it was error for the court of appeals to remand the case on this issue.

■■■ Turning to the issue of class certification under C.R.C.P. 23(b)(3), the trial court has broad discretion under that rule to determine whether certification of a class is the superior means to adjudicate the case. Need is one of many factors which the trial court may consider in making that decision. The federal controversy as to whether lack of need may bar class certification involves certification under subsection (b)(2) rather than (b)(3) of Fed.R.Civ.P. 23, although some authority states more generally that need is not a consideration under Rule 23 without specification. *See* Newberg & Conte, *Newberg on Class Actions* § 4.19 (discussing case law on consideration of lack of need in class certification and entitled "Lack of Need for Class Action No Bar to Rule 23(b)(2) Certification"). When addressing subsection (b)(2),

---

3. In addition to the type of relief sought, subsections (b)(2) and (b)(3) may be distinguished on the basis of their notice requirements. Under 23(b)(3), notice must be sent to each member of the class, and the members of the class must be given an opportunity to "opt-out" of the class action if they so choose. Rule 23(b)(2), on the other hand, has no such notice requirement.

we agree that need must be rejected as a qualification because it would virtually eliminate Rule 23(b)(2) certification given that there would rarely be a need for a whole class to challenge the constitutionality of a statute. *See* Newberg & Conte, *supra,* § 4.19, at 4–65 n. 207 (citing *Gatter v. Cleland,* 87 F.R.D. 66 (E.D.Pa.1980)). Subsection (b)(3) of C.R.C.P. 23, however, raises no such concerns. The Court of Appeals for the Tenth Circuit interpreted Fed. R. Civ. Pro. 23(b)(3) to include consideration of need:

> Appellants have cited *Fujishima v. Board of Education,* 460 F.2d 1355 (7th Cir.1972), in support of their contention that the court may not deny class status because there is no "need" for it if the prerequisites and conditions of the Federal Rules are met. The interpretation of that case, which involved subdivision (b)(2) of the Rule, is an oversimplification as applied to (b)(3) cases such as this. Within the criteria of the Rule, the "need" for class action treatment in a sense may be considered a vital, if not determinative, consideration as need inevitably relates to the problems of superiority, fairness and efficiency. These latter considerations may not be applied mechanically without a consideration of relative needs or necessities.

*Wilcox v. Commerce Bank of Kansas City,* 474 F.2d 336, 346 (10th Cir.1973). As noted above, C.R.C.P. 23(b)(3) explicitly requires that the court find class certification to be superior to the other available methods of adjudication. The factors listed in the rule are not exclusive and the rule allows the consideration of many factors in deciding which method would best achieve the goal of fair and expeditious decision of the case. Therefore, we find that consideration of the necessity of a class action is permissible but not dispositive in determining class certification under C.R.C.P. 23(b)(3).

Contrary to the court of appeals' statement that "the trial court did not determine whether Buckley satisfied the requirements of C.R.C.P. 23(b)," *Buckley Powder,* 924 P.2d at 1136, the district court specifically considered whether Classes II and III met the requirements for certification under Rule 23(b)(3) and found that a class action is not the superior method of adjudication. In its March 30, 1994, order the district court stated:

> [Buckley] also argues that all three classes can be maintained under C.R.C.P. 23(b)(3), which requires that "[t]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." C.R.C.P. 23(b)(3).
>
> The Court does not believe that in this case the class action is superior to an individual action. A class action is not required when "the same relief could be afforded without its use." *Martinez* at 1127. [Buckley] has argued that the [State's] registration fees and tax scheme are unconstitutional as they operate to discriminate against interstate carriers.... The remedy for these violations is not necessarily a refund to [Buckley]. "A State found to have imposed an impermissible discriminatory tax retains flexibility in responding to this determination." *McKesson Corporation v. Division of Alcoholic Beverages and Tobacco, Department of Business Regulation of Florida,* 496 U.S. 18, 39–40 [110 S.Ct. 2238, 2252, 110 L.Ed.2d 17] (1990).
>
> "[T]he State must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy' for any erroneous tax collection or unlawful tax collection...." *McKesson,* at 39 [110 S.Ct. at 2251] (footnote omitted) (citation omitted) (quoting *Atchison, T. & S.F.R. Co. v. O'Connor,* 223 U.S. 280, 285 [32 S.Ct. 216, 217, 56 L.Ed. 436] (1912)). More specifically, the State may provide a refund to the parties discriminated against; it may assess and collect back taxes from intrastate carriers; or a combination of the both. *McKesson* at 40 [110 S.Ct. at 2252]. The Courts have already held that a retroactive tax increase does not necessarily deny due process. *McKesson* at 40 n. 23 [110 S.Ct. at 2252 n. 23]. This relief can be afforded regardless of whether the class is certified.

Thus, the district court stated the requirements for certification under C.R.C.P. 23(b)(3) and, relying heavily on its interpretation of *McKesson*, concluded that because the State could provide relief regardless of whether the class is certified, the proposed class did not meet the requirement of Rule 23(b)(3) that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." Therefore, we find that the court of appeals erroneously concluded that the district court did not determine whether Buckley satisfied the prerequisites of certification under C.R.C.P. 23(b)(3).[4]

Although the district court did consider whether Buckley met the requirements of Rule 23(b)(3), the question remains as to whether the district court's denial of such certification was clearly erroneous. The district court apparently based its decision that a class action was not a superior method of adjudication on its belief that appropriate relief could be afforded to all aggrieved parties through an individual action. The court's belief was grounded in its understanding of *McKesson* as providing that, where a state levies an unconstitutional tax, the state has the discretion and authority to choose among the available constitutionally permissible remedies. However, as the court of appeals found, the district court erroneously interpreted *McKesson*. We agree with the court of appeals' conclusion that "*McKesson* contemplates a remand to the state court for the design and implementation of a remedy, not a referral to the taxing agency ... for choice of remedy." *Buckley*, 924 P.2d at 1137.

In *McKesson*, the plaintiff, McKesson Corporation, brought a suit in a Florida state court challenging a Florida liquor excise tax as a violation of the Commerce Clause of the United States Constitution. *See McKesson*, 496 U.S. at 22, 110 S.Ct. at 2242–43. In addition to challenging the constitutionality of the tax, the plaintiff sought injunctive and declaratory relief, as well as a refund of the excess taxes it had paid. The Florida trial court held the tax scheme unconstitutional and granted injunctive relief, but refused to order any other relief for the petitioner, such as a refund, for taxes already paid. *See id.*

On appeal, the Florida Supreme Court affirmed the trial court's decision. With regard to the trial court's refusal to order a refund, the Florida Supreme Court found that the trial court's decision was proper due to equitable considerations of the case. *See Division of Alcoholic Beverages & Tobacco, Dep't of Bus. Regulation v. McKesson Corp.*, 524 So.2d 1000, 1010 (Fla.1988). In particular, the Florida Supreme Court noted that the state officials had taxed the plaintiff in good faith reliance on the validity of the statute and that a refund might result in a windfall for the plaintiff as it was likely that the costs of the tax had already been passed on to customers. *See id.* Thus, the state supreme court in *McKesson* had affirmatively denied any retrospective relief for the plaintiff from whom the taxes were improperly collected.

The United States Supreme Court granted certiorari to consider whether federal constitutional law entitled the plaintiff to a partial refund. *See McKesson*, 496 U.S. at 22, 110 S.Ct. at 2242–43. The Court held that "[i]f a State places a taxpayer under duress promptly to pay a tax when due and relegates him to a postpayment refund action in which he can challenge the tax's legality, the Due Process Clause of the Fourteenth Amendment obligates the State to provide meaningful backward-looking relief to rectify any unconstitutional deprivation." *Id.* at 31, 110 S.Ct. at 2247 (footnotes omitted). Al-

4. We note that the court of appeals' conclusion may be based on its understanding of the district court's July 14 order on Buckley's motion to alter or amend the March 30 order to conform with the *Riverton* decision. In its July 14 order, the district court merely stated that "[t]he issue of class certification was not raised in *Riverton*, nor does the Court now believe that certification is necessary." The court of appeals may have interpreted this statement as a denial of certifica- tion under both C.R.C.P. 23(b)(2) and (b)(3) due to lack of need. Regardless of the district court's statement, however, it denied Buckley's motion to alter or amend the March 30 order, thus leaving the March 30 order intact. Furthermore, the court of appeals' possible interpretation of the district court's July 14 order is not relevant because we find that need is a permissible factor to consider in determining class certification under C.R.C.P. 23(b)(3).

though the Court indicated that a state "is free to choose which form of relief it will provide, so long as that relief satisfies the minimum federal requirements [the Court] has outlined," *id.* at 51–52, 110 S.Ct. at 2258, the Court found that the state supreme court had erred in not providing the plaintiff with relief and the Court remanded the case to the state court to determine the adequacy of such relief as the State might propose.

Buckley has argued and the court of appeals agreed that, contrary to the trial court's interpretation, *McKesson* does not declare that the State has an unfettered right to determine an appropriate remedy free from any judicial approval or supervision. We agree. In considering the district court's failure to provide a remedy to Buckley, the court of appeals noted that under Colorado's statutory scheme, "the only postdeprivation remedy or procedure contemplated [for a case such as this] is a refund with interest" and that "the only postdeprivation remedy requested in this proceeding, other than injunctive relief, is damages (refund), and the only relief requested and granted in *Riverton* was, likewise, damages." *Buckley*, 924 P.2d at 1137. The court of appeals concluded that, absent class certification, the district court must conduct a hearing to determine Buckley's damages, if any, and enter an appropriate judgment. *See id.*

Given that the district court did not recognize its obligation to provide damages in the form of a refund to Buckley due to its misreading of *McKesson*, the district court must reconsider its reliance on *McKesson* as a justification for denying class certification under C.R.C.P. 23(b)(3). We note that during the appellate process the State submitted an affidavit regarding a post-*Riverton* refund program which it has undertaken. However, the truth of the facts alleged in the affidavit has not been tested and the adequacy of this refund program has not yet been determined by any court. Therefore, we remand this case to the court of appeals to return the case to the district court with instructions. On remand, the district court should consider all relevant evidence concerning the refund program undertaken by the State in determining whether class certification under C.R.C.P. 23(b)(3) is the superior available method for fairly and efficiently deciding the case. An adequate refund program is certainly relevant to the trial court's decision when the only remaining controversy is the remedy to be imposed.

## IV.

In summary, this court's decision in *Riverton*, declaring the statutes at issue in this case to be unconstitutional, rendered Buckley's claims for injunctive and declaratory relief moot. As such, certification of this action as a class action under C.R.C.P. 23(b)(2) would not be appropriate. Therefore, we reverse the court of appeals' decision remanding the case to the district court to consider class certification under C.R.C.P. 23(b)(2). However, because the district court relied on an erroneous interpretation of *McKesson* in denying class certification under C.R.C.P. 23(b)(3), we remand the case to the court of appeals to return the case to the district court so that it may consider whether to certify a class under C.R.C.P. 23(b)(3) for purposes of providing a remedy for the damages claim arising from the unconstitutional taxation. To determine whether the proposed class meets the superior method requirement of C.R.C.P. 23(b)(3), the trial court may consider need among the other factors before it.

The judgment of the court of appeals is affirmed in part, reversed in part and the case is remanded with directions.