THE STATE EX REL. DAVIS ET AL., APPELLANTS, *v.* PUBLIC
EMPLOYEES RETIREMENT BOARD ET AL., APPELLEES.

[Cite as *State ex rel. Davis v. Pub. Emps. Retirement
Bd.,* 111 Ohio St.3d 118, 2006-Ohio-5339.]

(No. 2005–2426—Submitted July 18, 2006—Decided November 1, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a motion for class certification in a mandamus case.[1]

---

1. Unless otherwise noted, these preliminary facts are taken from *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.,* 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438.

Historical Background

{¶ 2} In 1976, the General Assembly enacted R.C. Chapter 120, the Public Defenders Act, which established the Ohio Public Defender Commission and authorized counties to create county and joint-county public-defender commissions. Am.Sub.H.B. No. 164, 136 Ohio Laws, Part I, 1868. Pursuant to these provisions, appellee Franklin County Board of Commissioners established appellee Franklin County Public Defender Commission to provide legal representation to indigent persons as required by law, and the commission appointed the Franklin County Public Defender.

{¶ 3} The public defender then hired attorneys and support personnel to form the Franklin County Public Defender's Office ("FCPDO"). The FCPDO operated as if it were a private, unincorporated association, and both FCPDO and its employees paid Social Security taxes on their wages.

{¶ 4} In 1984, the General Assembly enacted R.C. 120.14(F), which authorized county and joint-county public-defender commissions to contract with nonprofit organizations to provide representation to indigent criminal defendants. Am.Sub. S.B.No. 271, 140 Ohio Laws, Part I, 949, 956–957. The Franklin County Public Defender Commission then contracted with the Franklin County Board of Commissioners and the city of Columbus to provide legal representation for indigent criminal defendants in Franklin County, and the commission subcontracted with the newly incorporated FCPDO to provide these services.

{¶ 5} In June 1998, we granted a writ of mandamus ordering appellee Public Employees Retirement Board ("PERB") to credit a former FCPDO employee for her years of service as an attorney and law clerk with FCPDO from 1978 to 1980 and from 1982 to 1994. *State ex rel. Mallory v. Pub. Emps. Retirement Bd.* (1998), 82 Ohio St.3d 235, 694 N.E.2d 1356. We held that pre–1984 FCPDO attorneys were public employees during their employment with FCPDO and that after the 1984 enactment of R.C. 120.14(F) and the incorporation of FCPDO as a nonprofit organization, FCPDO attorneys who continued to represent indigent criminal defendants were entitled to continuing service credit with the Public Employees Retirement System ("PERS") under R.C. 145.01(A)(2). Id. at 241, 245, 694 N.E.2d 1356.

{¶ 6} Effective January 1, 1999, appellee Franklin County Public Defender replaced the FCPDO, and its employees were treated as public employees subject to PERS.

{¶ 7} In August 2003, we held that a former FCPDO attorney was not entitled to PERS service credit when she was rehired by FCPDO after its 1984 incorporation as a nonprofit corporation. *Van Dyke*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438. We concluded that when the attorney "was reemployed by FCPDO in April 1986, she was not 'continuing' her employment with a

private contractor that was taking over a previously publicly operated function. Instead, in April 1986, she was beginning a term of employment with a private contractor that years before had taken over the publicly operated function." Id. at ¶ 29.

## Administrative Proceedings

{¶ 8} In 2001, appellants, 12 present and former Franklin County Assistant Public Defenders and support personnel, and 39 other FCPDO attorneys and support staff employed from January 1, 1985, through December 31, 1998, requested a determination from PERS that they were public employees eligible for PERS membership and service credit during the specified period. In September 2003, PERS staff determined that based on this court's decision in *Van Dyke*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, the 51 claimants were working for a private, nonprofit corporation from January 1, 1985, through December 31, 1998, rather than a public employer during the pertinent period and that they were thus not entitled to PERS service credit.

{¶ 9} The 51 claimants appealed the PERS staff determination. On August 25, 2004, after an administrative hearing, PERB accepted a report and recommendation that had affirmed the staff decision. PERB concluded that FCPDO had acted as a private contractor rather than as a public employer from January 1, 1985, through December 31, 1998, and thus denied claimants' request for PERS service credit for that time period.

{¶ 10} On December 3, 2004, appellants filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellee PERB to vacate its August 25, 2004 determination and to retroactively credit appellants' and the proposed class members' accounts with all appropriate years of service for PERS and to compel appellees Franklin County Board of Commissioners, Franklin County Public Defender Commission, Franklin County and Columbus Public Defender Yeura Venters, and the Franklin County Public Defender to remit employer and employee contributions to PERB for the years appellants and the class members served as eligible employees but were wrongfully excluded from participation in PERS.

{¶ 11} On May 2, 2005, appellants filed a motion to certify their mandamus case as a class action. Appellants described the proposed class as "all persons who were hired as Assistant Franklin County Public Defenders and all personnel necessary to support them and the Franklin County Public Defender between January 1, 1985 and December 31, 1998," excluding appellees Franklin County Public Defender and Columbus Public Defender. Appellants claimed that the class action met the requirements of either Civ.R. 23(B)(1)(a), (1)(b), and/or (3). Appellees filed memoranda in opposition to appellants' motion for class certification.

{¶ 12} On July 8, 2005, a court of appeals magistrate recommended that appellants' motion for class certification be denied. The magistrate concluded that appellants had failed to meet the Civ.R. 23(A)(1) numerosity prerequisite because joinder of the 39 other potential claimants who had participated with the 12 appellants in the administrative proceedings before PERB was not impracticable and any other potential class members had not exhausted their administrative remedies. Civ.R. 23(A)(1) requires that the class be "so numerous that joinder of all members is impracticable." The magistrate declined to address whether appellants could meet one of the Civ.R. 23(B) requirements.

{¶ 13} Appellants filed objections to the magistrate's decision, and on December 15, 2005, the court of appeals overruled appellants' objections and adopted the magistrate's decision, with the exception of the analysis regarding numerosity. The court of appeals instead relied on precedent to hold that a class action was not appropriate because "a determination in favor of [appellants] would automatically accrue to the benefit of others similarly situated" without the unnecessary step of certifying a class.

{¶ 14} This cause is now before the court upon appellants' appeal as of right from the judgment denying their motion for class certification.

## Oral Argument

{¶ 15} Appellants request oral argument. Oral argument is not required in this appeal. S.Ct.Prac.R. IX(1). Nevertheless, we have discretion to grant oral argument pursuant to S.Ct.Prac.R. IX(2)(A), and in exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals. See, e.g., *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers' Comp.*, 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 25–26.

{¶ 16} Appellants request oral argument because they believe that the case presents a "significant public policy question" as well as complex facts. The parties' briefs, however, are sufficient to resolve the issues raised, and this case does not involve a substantial constitutional issue, conflict among courts of appeals, or complex factual issues. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 5. Therefore, we deny appellants' request and proceed to consider the merits.

## Class Actions: Standard of Review

{¶ 17} Appellants assert that this court's review of the court of appeals' decision denying the motion for class certification is plenary. Appellants are mistaken.

{¶ 18} We have consistently held that a "trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus; see, also, *Howland v. Purdue Pharma L.P.*, 104 Ohio St.3d 584, 2004-Ohio-6552, 821 N.E.2d 141, ¶ 17. In rejecting a de novo standard of review urged in an appeal from a decision based only on a written record that denied class certification, we noted that "appellate courts overwhelmingly, if not universally, give trial courts broad discretion in deciding whether to certify a class" and that "the appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70, 694 N.E.2d 442; see, also, *Baughman v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 480, 483, 727 N.E.2d 1265.

{¶ 19} Therefore, "while a trial court's determination concerning class certification is subject to appellate review on an abuse-of-discretion standard, due deference must be given to the trial court's decision" and any "finding of abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously." *Marks*, 31 Ohio St.3d at 201, 31 OBR 398, 509 N.E.2d 1249. A finding of an abuse of discretion requires "a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable." *Wilson v. Brush Wellman, Inc.*, 103 Ohio St.3d 538, 2004-Ohio-5847, 817 N.E.2d 59, ¶ 30.

## Civ.R. 23 Requirements in General

{¶ 20} With the foregoing abuse-of-discretion standard guiding our review of the court of appeals' decision, we also recognize that "the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton*, 82 Ohio St.3d at 70, 694 N.E.2d 442.

{¶ 21} The parties seeking class certification must establish the following seven requirements before an action may be maintained as a class action under Civ.R. 23: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be

met." Id. at 71, 694 N.E.2d 442; see, also, *Howland,* 104 Ohio St.3d 584, 2004-Ohio-6552, 821 N.E.2d 141, ¶ 19 (in addition to the six threshold requirements, parties seeking class certification must show that the action can be maintained under Civ.R. 23(B)).

## Court of Appeals' Rationale

{¶ 22} In analyzing appellants' motion for class certification, the court of appeals relied on precedent to deny the motion because "a determination in favor of [appellants] would automatically accrue to the benefit of others similarly situated." 2005-Ohio-6612, ¶ 16–18.

{¶ 23} In *State ex rel. Horvath v. State Teachers Retirement Bd.* (Mar. 31, 1995), Franklin App. No. 94APE07–988, 1995 WL 141049, the Court of Appeals for Franklin County held that a trial court did not abuse its discretion by denying a motion for class certification of an action for declaratory judgment and injunctive relief that challenged the constitutionality of a statute, because a decision as to constitutionality would provide the same relief to the relator and to the proposed class.

{¶ 24} In *Smith v. State Teachers Retirement Bd.* (Feb. 5, 1998), Franklin App. No. 97APE07–943, 1998 WL 54362, the court of appeals relied on *Horvath* to affirm a trial court's denial of class certification in an action for declaratory judgment and injunctive relief that challenged the retirement board's formula for calculating monthly retirement benefits. The court reasoned that a class certification was not necessary because the action could be certified to the Ohio Supreme Court if different courts reached different conclusions. The court also found that after all the appeals had been exhausted, the decision of the highest prevailing court would be implemented consistently with regard to all the members and beneficiaries of the proposed class.

{¶ 25} Finally, in *Frisch's Restaurant, Inc. v. Conrad,* Franklin App. No. 05AP–412, 2005-Ohio-5426, 2005 WL 2562596, the court of appeals relied on *Horvath* and *Smith* in an action by employers who had participated in a retrospectively rated workers' compensation program to recover dividend credits on premiums that they had paid. The court of appeals held that the trial court did not abuse its discretion in denying class certification, because a decision in the case "would automatically benefit any organization in the same position" as the named parties. Id. at ¶ 26.

{¶ 26} Appellants assert that the court of appeals erred in relying on *Horvath, Smith,* and *Frisch's* to deny their motion for class certification, because those opinions hinged on a requirement not specified in Civ.R. 23. In resolving appellants' claim, it is significant that appellants have sought class certification

only under Civ.R. 23(B)(1)(a), (B)(1)(b), or (B)(3). Appellees counter that none of these subsections apply.

## Civ.R. 23(B)(3)

{¶ 27} In order to certify a class under Civ.R. 23(B)(3), the following findings must be made by the trial court. "First, it must find that questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and second, the court must find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re Consol. Mtge. Satisfaction Cases,* 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 7.

{¶ 28} "For common questions of law or fact to predominate, it is not sufficient that such questions merely exist; rather, they must present a significant aspect of the case. Furthermore, they must be capable of resolution for all members in a single adjudication." *Marks,* 31 Ohio St.3d at 204, 31 OBR 398, 509 N.E.2d 1249. "And, in determining whether a class action is a superior method of adjudication, the court must make a comparative evaluation of the other procedures available to determine whether a class action is sufficiently effective to justify the expenditure of judicial time and energy involved therein." *Schmidt v. Avco Corp.* (1984), 15 Ohio St.3d 310, 313, 15 OBR 439, 473 N.E.2d 822. Civ.R. 23(B)(3) lists the matters pertinent to the finding that questions of law or fact common to the class members predominate over questions that affect only individual members: "(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action." The list in the rule is not exhaustive, so other pertinent factors may be considered. 7AA Wright, Miller & Kane, Federal Practice and Procedure (3d Ed.2005) 118, Section 1777 ("this list is not meant to be exhaustive and the court has discretion to consider whatever other factors it deems relevant to the determination"), and *Amchem Prods., Inc. v. Windsor* (1997), 521 U.S. 591, 615, 117 S.Ct. 2231, 138 L.Ed.2d 689 (Fed. R.Civ.P. 23(b)(3) "includes a nonexhaustive list of factors pertinent to a court's 'close look' at the predominance and superiority criteria" for class certification). Civ.R. 23(A) and (B) and Fed.R.Civ.P. 23(a) and (b), the federal rule governing class actions, are identical. Under *Marks v. C.P. Chem. Co., Inc.,* 31 Ohio St.3d at 200, 201, 31 OBR 398, 509 N.E.2d 1249, "federal authority is an appropriate aid to interpretation of the Ohio rule." This court has also recognized that some pertinent requirements in a class-certification determination are not expressly set

forth in the text of the rule. *Howland,* 104 Ohio St.3d 584, 2004-Ohio-6552, 821 N.E.2d 141, ¶ 18.

{¶ 29} In *State v. Buckley Powder Co.* (Colo.1997), 945 P.2d 841, the Colorado Supreme Court held that consideration of the need for a class action was appropriate in determining whether to certify a class pursuant to Colo.R.Civ.P. 23(b)(3), Colorado's version of Civ.R. 23(B)(3):

{¶ 30} "Turning to the issue of class certification under [Colo.R.Civ.P.] 23(b)(3), the trial court has broad discretion under that rule to determine whether certification of a class is the superior means to adjudicate the case. Need is one of many factors which the trial court may consider in making that decision." *Buckley Powder Co.*, 945 P.2d at 845.

{¶ 31} Similarly, in *Wilcox v. Commerce Bank of Kansas City* (C.A.10, 1973), 474 F.2d 336, 346, the United States Court of Appeals for the Tenth Circuit rejected a contention that a court determining whether to certify a class pursuant to Fed.R.Civ.P. 23(b)(3) could not consider whether there was a need for a class action:

{¶ 32} "Appellants have cited *Fujishima v. Board of Education,* 460 F.2d 1355 (7th Cir.1972), in support of their contention that the court may not deny class status because there is no 'need' for it if the prerequisites and conditions of the Federal Rules are met. The interpretation of that case, which involved subdivision (b)(2) of the Rule, is an oversimplification as applied to (b)(3) cases such as this. Within the criteria of the Rule, the 'need' for class action treatment in a sense may be considered a vital, if not determinative, consideration as need inevitably relates to the problems of superiority, fairness and efficiency. These latter considerations may not be applied mechanically without a consideration of relative needs or necessities."

{¶ 33} Therefore, in applying Civ.R. 23(B)(3), the court of appeals did not abuse its discretion in considering the need, or whether appellants' action would accomplish the same result without the additional burden and expense of a class action, even though necessity is not specifically listed as a factor in the rule. See, generally, 7AA Wright, Miller & Kane, Federal Practice and Procedure, at 370–372, Section 1785 ("The trial court has broad discretion in deciding whether to certify a class action and its decision will be reversed only if an abuse of discretion is shown. This discretion includes the power of the court to take account of considerations not expressly dealt with in the rule in reaching a certification decision.") (Footnotes omitted). Need is a relevant factor to determine whether the class action is "superior to other available methods for the fair and efficient adjudication of the controversy," as required for certification pursuant to Civ.R. 23(B)(3).

{¶ 34} Moreover, the court of appeals did not abuse its discretion when determining that class certification is unnecessary for appellants' mandamus claim by relying on PERB's representations that it will comply with any judgment regarding the public-employment status of the employees in the proposed class. See, e.g., 2 Conte and Newberg, Newberg on Class Actions (4th Ed.2002) 135, Section 4:19 (courts have denied class certification when a defendant had agreed to apply the judgment to all class members, or had given assurance that it would comply with a judgment for injunctive relief, or had already taken corrective measures after the institution of the action); see, also, *Galvan v. Levine* (C.A.2, 1973), 490 F.2d 1255, 1261 (affirming denial of class-certification in a government-benefits case when the state made clear that it understood that the judgment would apply to all claimants); *Ruhe v. Block* (E.D.Va.1981), 507 F.Supp. 1290, 1295 (denying class certification when it was the defendants' position that relief would be applied by them to any eligible persons in the proposed class if final declaratory and injunctive relief were to be entered against them); *Ruiz v. Blum* (S.D.N.Y.1982), 549 F.Supp. 871, 878 (denying class certification because the court assumed that the defendants, as government officials, would respect its judgment, and there was no indication that the decree entered in plaintiffs' favor would not be honored by the defendants as to those similarly situated).

{¶ 35} PERB has consistently represented that it and PERS must and will uniformly apply any ultimate court ruling to all PERS members, including those who are not parties to this action. As PERB acknowledges, various statutes require this uniform application. See R.C. 145.01(A)(3), 145.03(A), and 145.483.

{¶ 36} In fact, PERB and PERS previously applied the court's ruling in *Mallory*, 82 Ohio St.3d 235, 694 N.E.2d 1356, to all employees of FCPDO by crediting them with years of service in accordance with R.C. 145.01(A)(2) even though *Mallory* was a mandamus case that was not brought as a class action. See *Van Dyke*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 10. There is no indication that PERB and PERS would not similarly comply with an adverse court of appeals judgment in appellants' mandamus action.

{¶ 37} Appellants contend that the court of appeals' rationale justifies a class action based upon the predominance requirement in Civ.R. 23(B)(3). But this contention in effect concedes that appellants did not establish the superiority requirement of Civ.R. 23(B)(3). Ultimately, appellants admitted just that in their reply brief filed in this court.

{¶ 38} Therefore, the court of appeals did not abuse its discretion in denying appellants' motion for certification of a class pursuant to Civ.R. 23(B)(3). The court reasonably concluded that because a ruling in the mandamus case would be

uniformly applied by appellees to similarly situated persons, a class action would not be a superior method for adjudicating the controversy.

## The Need Requirement in General

{¶ 39} There is much conflict regarding the propriety of a need requirement in the context of determining whether to certify a class action. That conflict, however, is generally confined to motions to certify based upon Civ.R. 23(B)(2), which permits a class action if the requirements of Civ.R. 23(A) are met and "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." See 2 Conte and Newberg, Newberg on Class Actions, at 133, Section 4:19 ("Several courts have considered the need for a class action in determining whether to certify a [Fed.R.Civ.P.] 23(b)(2) class seeking declaratory or injunctive relief. While this factor, which lies outside the scope of Rule 23, and 23(b)(2) in particular, is frequently raised by the defendant in opposition to the class, several courts have invoked this consideration on a sua sponte basis, usually as a prelude to class denial"); 7AA Wright, Miller & Kane, Federal Practice and Procedure, at 428, Section 1785.2 ("One common non-rule factor that courts have considered in actions brought under [Fed.R.Civ.P.] 23(b)(2) for injunctive or declaratory relief is whether there is a need for class relief").

{¶ 40} The use of this factor in Fed.R.Civ.P. 23(b)(2) class determinations has been criticized. See, e.g., 2 Conte and Newberg, Newberg on Class Actions, at 144, Section 4:19 ("a need requirement finds no support in [Fed.R.Civ.P.] 23 and, if applied, would entirely negate any proper class certifications under [Fed. R.Civ.P.] 23(b), a result hardly intended by the Rules Advisory Committee").

{¶ 41} Nevertheless, this does not establish that the court of appeals abused its discretion in denying class certification of appellants' mandamus action. Appellants never sought certification under Civ.R. 23(B)(2). In addition, although some courts have rejected the use of a need requirement in actions brought under Fed.R.Civ.P. 23(B)(2), see, e.g., *Brown v. Scott* (C.A.7, 1979), 602 F.2d 791, "the vast majority of courts have not felt so constrained, and the need requirement now seems well-accepted as an appropriate consideration when certifying a Rule 23(b)(2) action." 7AA Wright, Miller & Kane, Federal Practice and Procedure, at 429, Section 1785.2. The United States Court of Appeals for the Sixth Circuit has followed this majority view. *Craft v. Memphis Light, Gas & Water Div.* (C.A.6, 1976), 534 F.2d 684, 686. In this regard, appellants' contention that the Court of Appeals for Franklin County is the only court that applies a need requirement in determining whether to certify a class is manifestly erroneous. See 7AA Wright, Miller & Kane, Federal Practice and Procedure, at 429, Section 1785.2; *Craft,* 534 F.2d at 686; *Gottlieb v. S. Euclid,* 157 Ohio App.3d

250, 2004-Ohio-2705, 810 N.E.2d 970, ¶ 33; *Krawczyk v. Wharram* (July 14, 1989), Lucas App. No. L–88–243, 1989 WL 77056.

{¶ 42} The application of a need requirement by the court of appeals in determining appellants' motion for class certification advances the purpose of a class action, which is "to *simplify* the resolution of complex litigation, not complicate it." (Emphasis sic.) *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091. In a comparable situation, we held that a state entity did not err in refusing to treat a ratepayer's complaint as a class action when the entity "would have been obligated to adjust rates for the remaining ratepayers, accomplishing the same purpose as a class action" if the complainant ratepayer prevailed. *Weiss v. Pub. Util. Comm.* (2000), 90 Ohio St.3d 15, 19, 734 N.E.2d 775.

### Civ.R. 23(B)(1)

{¶ 43} Appellants also sought certification of a class for their mandamus action pursuant to Civ.R. 23(B)(1), which provides that an action may be maintained as a class action if the requirements of Civ.R. 23(A) are established and:

{¶ 44} "(1) [T]he prosecution of separate actions by or against individual members of the class would create a risk of

{¶ 45} "(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

{¶ 46} "(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests."

{¶ 47} "Civ.R. 23(B)(1)(a) will permit class certification if separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class." *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 95, 521 N.E.2d 1091. In order to fall within Civ.R. 23(B)(1)(a), there "must be a risk that separate actions will in fact be brought if a class action is not permitted" and that "allowing the members to proceed on their own will expose the party [opposing the class certification] to a *serious risk of being put into a 'conflicted position.'* " (Emphasis added.) 7AA Wright, Miller & Kane, Federal Practice and Procedure, at 11, 13, Section 1773 (construing Fed.R.Civ.P. 23(b)(1)(A)).

{¶ 48} Here, however, because of appellees' assurance that they will comply with any final ruling, it is unlikely that they have a *serious risk* of being subjected to incompatible standards of conduct. See, e.g., *Horvath,* Franklin App. No. 94APE07–988, 1995 WL 141049, citing *Doe v. Commonwealth's Atty. for*

*City of Richmond* (E.D.Va.1975), 403 F.Supp. 1199 (concluding, in denying a motion to certify a class pursuant to Civ.R. 23(B)(1)(a), that "after all appeals have been exhausted, the [State Teachers Retirement System] will implement the decision of the highest prevailing court consistently to all STRS members and beneficiaries"). Therefore, the court of appeals did not abuse its discretion in denying certification pursuant to Civ.R. 23(B)(1)(a).

{¶ 49} "Subsection (B)(1)(b) [of Civ.R. 23] will permit certification if separate actions would create a risk of adjudications that would as a practical matter be dispositive of the claims of non-parties or substantially impair or impede their ability to protect their interests." *Warner,* 36 Ohio St.3d at 95, 521 N.E.2d 1091. "The most common example of the type of action to which Rule 23(b)(1)(B) is applicable is one in which the class members have claims against a fund that may prove insufficient to satisfy all of them." 7AA Wright, Miller & Kane, Federal Practice and Procedure, at 30, Section 1774; see, e.g., *Warner,* 36 Ohio St.3d at 95, 521 N.E.2d 1091; *Gottlieb,* 157 Ohio App.3d 250, 2004-Ohio-2705, 810 N.E.2d 970, ¶ 40 (Civ.R.23(B)(1)(b) "applies where only a limited amount of money is available and there is a risk that separate actions would deplete the fund before all deserving parties could make a claim").

{¶ 50} This case, however, does not involve a limited fund—a ruling in favor of appellants on their mandamus claim will not limit the recoveries of nonparty individuals who are similarly situated. And "[n]either the stare decisis consequences of an individual action nor the possibility of false reliance upon the improper initiation of a class action can supply either the practical disposition of the rights of the class, or the substantial impairments of those rights, at least one of which is required by [Fed.R.Civ.P.] 23(b)(1)(B)." *La Mar v. H & B Novelty & Loan Co.* (C.A.9, 1973), 489 F.2d 461, 465. In fact, "class-wide accrual of benefits is characteristic of virtually all class action lawsuits and cannot be sufficient to warrant certification under sub-section (b)(1)(B)." *Daly v. Harris* (D.Hawaii 2002), 209 F.R.D. 180, 192. Appellants' argument to the contrary would "enable any action, with the possibility that it might be one of multiple actions, to be certified pursuant to" Civ.R. 23(B)(1)(b). *In re Dennis Greenman Secs. Litigation* (C.A.11, 1987), 829 F.2d 1539, 1546. This unreasonable result could not have been intended by the drafters of the rule. Therefore, the court of appeals did not err in denying certification under Civ.R. 23(B)(1)(b).

## Conclusion

{¶ 51} Based on the foregoing, the court of appeals did not act in an unreasonable, arbitrary, or unconscionable manner in denying appellants' motion for class certification. The court of appeals did not abuse its discretion by determining that appellants had not established that a class action was warranted

under Civ.R. 23(B)(1)(a), (B)(1)(b), or (B)(3). Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Buckley King, L.P.A., James E. Melle, and John Hallbauer, for appellants.

Jim Petro, Attorney General; Jones Day, Michael R. Gladman, and Kerstin Sjoberg–Witt, for appellee Public Employees Retirement Board.

Ron O'Brien, Franklin County Prosecuting Attorney, and Nick Soulas, Assistant Prosecuting Attorney; and Adams, Babner & Rasmussen, L.L.C., and Teri G. Rasmussen, for appellees Franklin County Board of County Commissioners, Franklin County Public Defender Commission, Franklin County Public Defender, and Yeura Venters.

Scheuer, Mackin & Breslin, L.L.C., and Robert S. Corker; and Strauss & Troy, Richard S. Wayne, and John M. Levy, urging reversal for amici curiae, Frisch's Restaurants, Inc., United Dairy Farmers, Inc., J.W. Harris Co., Inc., and Peck, Hannaford & Briggs.