[Cite as *State ex rel. Motor Carrier Serv., Inc. v. Rankin,* 135 Ohio St.3d 395, 2013-Ohio-1505.]

THE STATE EX REL. MOTOR CARRIER SERVICE, INC., APPELLANT, *v.* RANKIN, REGISTRAR, ET AL., APPELLEES.

THE STATE EX REL. MOTOR CARRIER SERVICE, INC. *v.* RANKIN, REGISTRAR, ET AL.

[Cite as *State ex rel. Motor Carrier Serv., Inc. v. Rankin,* 135 Ohio St.3d 395, 2013-Ohio-1505.]

*Public records—R.C. 149.43—Driver's Privacy Protection Act—18 U.S.C. 2721—R.C. 4501.27—Driving records—Qualified person seeking unredacted driving record of another that contains "personal information" must make request in conformity with Ohio Adm.Code 4501:1-12-02(D)(2) by completing form BMV1173 and paying required fee.*

(Nos. 2012-1264 and 2012-1394—Submitted April 10, 2013—Decided April 18, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 10AP-1178, 2012-Ohio-2590.

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} This consolidated case is a public-records matter dealing with the interplay of (1) Ohio's Public Records Act, R.C. 149.43, (2) the federal Driver's Privacy Protection Act of 1994, 18 U.S.C. 2721 et seq. and its counterpart in Ohio, R.C. 4501.27 (collectively, "the DPPA"), and (3) a Bureau of Motor Vehicles ("BMV") rule, Ohio Adm.Code 4501:1-12-02(D)(2).

{¶ 2} Case No. 2012-1394 is an original action in which relator, Motor Carrier Service, Inc. ("MCS"), an Ohio trucking company, seeks a writ of

mandamus to compel respondents, BMV Registrar Mike Rankin and Ohio Department of Public Safety Director Thomas P. Charles, to provide an unredacted, noncertified copy of the driving records of an MCS employee at cost. The case is consolidated with case No. 2012-1264, a direct appeal from the Tenth District Court of Appeals, involving the same parties and the same issues, but a different driving record.

{¶ 3}   In both cases, MCS requested unredacted copies of the driving records of its employees from the BMV at cost.  The BMV refused to provide unredacted copies at cost—five cents per page—but instead, following the BMV rule, required MCS to specify the basis for its entitlement to an unredacted copy on form BMV1173 and to pay a $5 fee for a certified copy.  MCS claims that it does not need a certified copy and that it should be able to receive an unredacted copy at cost under the Public Records Act.

{¶ 4}   MCS is not entitled to a writ of mandamus, because disclosure of the records is prohibited by the DPPA unless a requester can demonstrate a permissible use, which it must do by complying with the procedure outlined in the rule, Ohio Adm.Code 4501:1-12-02(D)(2).  The BMV properly promulgated the rule under its rule-making authority.  The rule creates a procedure for requesting DPPA-governed materials, which includes filling out and submitting form BMV1173 and paying the $5 fee.  The specific provisions of R.C. 4501.27 and Ohio Adm.Code 4501:1-12-02(D)(2) prevail over the general provisions of R.C. 149.43, including the provision requiring that public records should be provided "at cost."

{¶ 5}   For the following reasons, we affirm the Tenth District in case No. 2012-1264 and deny the writ in case No. 2012-1394.

### Facts

{¶ 6}   The BMV is a division of the Ohio Department of Public Safety ("DPS") and is a public office within the meaning of the Public Records Act.

2

*State ex rel. Mancini v. Ohio Bur. of Motor Vehicles,* 69 Ohio St.3d 486, 633 N.E.2d 1126 (1994).

{¶ 7} The DPPA prohibits the disclosure of personal information that the BMV has in connection with a driving record. R.C. 4501.27(A); 18 U.S.C. 2721(a). However, the DPPA permits disclosure for use by an employer or insurer to obtain or verify information about the holder of a commercial driver's license. R.C. 4501.27(B)(2)(j); 18 U.S.C. 2721(b)(9). The federal DPPA does not establish a procedure for requesting protected material from the BMV, but Ohio's statute grants the BMV rule-making authority to carry out its duties. R.C. 4501.27(E). The BMV promulgated Ohio Adm.Code 4501:1-12-02 under this authority.

*Case No. 2012-1264*

{¶ 8} On August 31, 2010, MCS submitted a public-records request to the BMV seeking an unredacted copy of the driving record of one of its employees. In its request, MCS stated that the record was necessary to verify information about the employee's commercial driver's license as required by the Commercial Motor Vehicle Safety Act of 1986, 49 U.S.C. 2701 et seq. MCS did not submit a form BMV1173 with its request, nor did it pay any fee.

{¶ 9} The BMV provided MCS with a copy of the driving record, but with the employee's personal information redacted. In a subsequent letter, an attorney for DPS explained that the redaction is required by R.C. 149.43(A)(1)(v) and the DPPA, unless the request is made by a statutorily exempted requestor for statutorily defined purposes.

{¶ 10} MCS filed a mandamus action in the Tenth District Court of Appeals, claiming that it was entitled to an unredacted copy of the driver's record at cost. The respondents countered that disclosure was prohibited by the DPPA and that MCS had failed to demonstrate that any exception applied, because it filed a request under the general public-records provision, Ohio Adm.Code

4501:1-12-02(D)(1), rather than under Ohio Adm.Code 4501:1-12-02(D)(2), which allows the requester to obtain unredacted records after showing that it meets the statutory conditions and paying the $5 fee.

{¶ 11} The Tenth District magistrate recommended denial of the writ, finding that because MCS had applied under Ohio Adm.Code 4501:1-12-02(D)(1) rather than (D)(2), it was entitled only to a redacted copy. A majority of the panel agreed, finding that a requester is not authorized to obtain an unredacted copy unless the request conforms to section (D)(2) of the rule. *State ex rel. Motor Carrier Serv., Inc. v. Williams [Rankin],* 10th Dist. No. 10AP-1178, 2012-Ohio-2590. The BMV "has promulgated a rule requiring a requester to provide specific information regarding the purpose of the intended use accompanied by a certification of truthfulness." *Id.* at ¶ 17. MCS did not follow this procedure, but made a general public-records request. One member of the panel dissented in part on the merits, asserting that the BMV, while authorized to promulgate the rule requiring a special application for restricted information, went too far in its requirement that an eligible requester "choose either a public records request to receive a redacted copy or the completion of form BMV1173, request for a certified abstract, and payment of a $5 fee to get a full copy." *Id.* at ¶ 30 (French, J., concurring in part and dissenting in part).

*Case No. 2012-1394*

{¶ 12} On July 3, 2012, MCS submitted a request, including a completed BMV form, but again lacking the $5 fee, to BMV Registrar Rankin for a copy of the unredacted, noncertified driving record of an employee. MCS again specified that its request was to verify information relating to its employee's commercial driver's license that is required under the Commercial Motor Vehicle Safety Act of 1986. The DPS again provided only a redacted version of the requested driving record, citing the DPPA and Ohio Adm.Code 4501:1-12-02.

**{¶ 13}** On August 14, MCS filed case No. 2012-1394 as an original action in this court for a writ of mandamus to compel respondents, BMV Registrar Mike Rankin and DPS Director Thomas P. Charles, to provide access at cost to an unredacted, noncertified copy of the employee driving record MCS requested in its July 3, 2012 request. On October 1, 2012, an alternative writ was granted. 133 Ohio St.3d 1403, 2012-Ohio-4477, 975 N.E.2d 1022. At the same time, case Nos. 2012-1394 and 2012-1264 were consolidated for consideration by the court. *Id.* at 1402.

**{¶ 14}** This cause is now before the court for our consideration of the merits.

### Analysis

*Request for oral argument*

**{¶ 15}** The phrase "Request for Oral Argument" appears on the front page of MCS's Memorandum in Support of Writ in case No. 2012-1394, without explanation in the memorandum or in any pleading. As part of their response to the motion to consolidate, the BMV and DPS concur in that request, although again with no explanation as to why oral argument is needed here.

**{¶ 16}** In cases in which oral argument is not mandatory—such as original actions and direct appeals from cases originating in a court of appeals, see S.Ct.Prac.R. 17.02(A)—we have discretion to grant oral argument, and " 'in exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals.' " *State ex rel. Jean–Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 10, quoting *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

**{¶ 17}** No conflict in the lower courts has been identified, and the case involves an important, but narrow, issue of public-records law. The briefs are

sufficient for us to resolve the appeal here. *Jean–Baptiste* at ¶ 13, *citing State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 19. We therefore proceed to decide the merits of the case without oral argument.

*Public Records Act analysis*

**{¶ 18}** "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). Although "[w]e construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records," *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 6, the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence. *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus ("Relators in mandamus cases must prove their entitlement to the writ by clear and convincing evidence").

> Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 19}** R.C. 4501.34(A) specifies that "all documents in the registrar's possession are public records." R.C. 149.43(B)(1) requires a public office to make copies of public records available at cost on request and within a reasonable period of time. However, records or parts of records are exempt from this requirement if their release is prohibited by state or federal law. R.C. 149.43(A)(1)(v).

**{¶ 20}** In 1994, the federal government enacted the DPPA to regulate the disclosure and resale of personal information in the records of state motor-vehicle departments. Pub.L. No. 103-322, 108 Stat. 2099; *Reno v. Condon*, 528 U.S 141, 143, 120 S.Ct. 666, 145 L.Ed.2d 587 (2000). In 2000, the Ohio General Assembly followed suit, amending R.C. 4501.27 to comply with federal requirements. 2000 Am.Sub.S.B. No. 600, 148 Ohio Laws, Part III, 6524, 6535; *Bailey v. Ohio Dept. of Motor Vehicles*, 10th Dist. No. 02AP-378, 2002-Ohio-7361, ¶ 30. Both the federal DPPA and its Ohio counterpart prohibit the BMV from "knowingly disclos[ing] or otherwise mak[ing] available to any person or entity" any "personal information" about an individual that the bureau obtained "in connection with a motor vehicle record." 18 U.S.C. 2721(a)(1); R.C. 4501.27(A). The Ohio statute defines "personal information" as "information that identifies an individual, including, but not limited to, an individual's photograph or digital image, social security number, driver or driver's license identification number, name, telephone number, or medical or disability information, or an individual's address other than the five-digit zip code number." R.C. 4501.27(F)(3); *see also* R.C. 4501.27(F)(5) (defining "sensitive personal information").

**{¶ 21}** DPPA's ban on disclosure has exceptions, some requiring disclosure (not pertinent here) and some permitting disclosure. One exception allows the BMV to disclose personal information "[f]or use by an employer or by the agent or insurer of an employer to obtain or verify information relating to the

holder of a commercial driver's license or permit that is required under the 'Commercial Motor Vehicle Safety Act of 1986,' 100 Stat. 3207-170, 49 U.S.C. 2701, et seq., as now or hereafter amended." R.C. 4501.27(B)(2)(j). MCS claims to be such an employer.

{¶ 22} Ohio's DPPA establishes a procedure for requesting DPPA-protected material from the BMV, by granting the BMV rule-making authority. Specifically, R.C. 4501.27(E) states that "[t]he registrar of motor vehicles may adopt any forms and rules, consistent with but no more restrictive than the requirements of [the federal DPPA] that are necessary to carry out the registrar's duties under this section * * *."

{¶ 23} Under that authority, the BMV promulgated Ohio Adm.Code 4501:1-12-02, which articulates the prohibitions and exceptions in the DPPA and creates a procedure for requesting a motor-vehicle record. The rule creates two options for requesting such records.

{¶ 24} First, the requester may make a public-records request under Ohio Adm.Code 4501:1-12-02(D)(1). A request made under this section entitles the requester to a copy of the record at cost, but with personal information redacted.

{¶ 25} A requester seeking an unredacted record containing personal information may make a request under Ohio Adm.Code 4501:1-12-02(D)(2). Under this section, the requester must complete form BMV1173 and submit "the fees statutorily authorized in the Revised Code." Form BMV1173 requires the requester to provide proof of identity and to state which of the statutory exceptions to nondisclosure of personal information applies. *See* Ohio Adm.Code 4501:1-12-02(G)(1) and (2). R.C. 4509.05(B) authorizes a fee of $5 for a certified abstract of a driving record.

*Ohio Adm.Code 4501:1-12-02 does not conflict with the Public Records Act*

{¶ 26} A well-settled principle of Ohio law is that when two statutes, one general and one specific, cover the same subject matter, the specific provision is

to be construed as an exception to the general statute that might otherwise apply. *See State ex rel. Slagle v. Rogers,* 103 Ohio St.3d 89, 2004-Ohio-4354, 814 N.E.2d 55, ¶ 14, citing *State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities*, 68 Ohio St.3d 426, 429, 627 N.E.2d 993 (1994). This rule has also been codified at R.C. 1.51:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

{¶ 27} MCS's argument here appears to be that the provisions of Ohio's Public Records Act, R.C. 149.43, are immune from that principle. MCS argues that Ohio Adm.Code 4501:1-12-02(D)(2) is invalid because it "conflicts with Ohio's public records statute" and is "wholly inconsistent with the plain language of R.C. 149.43."

{¶ 28} More specifically, MCS complains that the rule "effectively prohibits a DPPA-authorized requester from ever obtaining an unredacted, uncertified copy of the record pursuant to Ohio's public records laws." The rule also "forces the DPPA-authorized requester to pay a $5.00 fee for a certified copy—a product which is not being requested, nor wanted." MCS also complains that R.C. 149.43 and 4501.34 and the DPPA, "when read together, mandate disclosure of the unredacted records to MCS."

{¶ 29} Contrary to MCS's position, the Public Records Act is not immune from R.C. 1.51. The federal and state DPPAs prohibit the BMV from disclosing

personal information except under specific circumstances, and the General Assembly is permitted to establish an exception or partial exception to the Public Records Act to accommodate that law. The General Assembly chose to do that in R.C. 4501.27, and it chose to permit the BMV to promulgate rules that specify a procedure for qualified requesters to obtain information as long as the requester pays a fee and states which exception to the ban on disclosure applies. Under R.C. 1.51, these specific provisions cannot be overcome by the more general provisions of the Public Records Act. Rather, the opposite is true: the specific prevails over the general. Ohio Adm.Code 4501:1-12-02(D)(2) allows the BMV to verify that the requester is qualified to receive the information and will follow the nondisclosure rules in the statute.

{¶ 30} MCS appears to agree with the first two requirements of Ohio Adm.Code 4501:1-12-02(D)(2), as it has filled out form BMV1173 for at least one of its requests and identified the DPPA exception that applies. MCS's main objection seems to be to the $5 fee. But we have specifically held on more than one occasion that the "at cost" provision of the Public Records Act is also amenable to R.C. 1.51 and that a statutory provision for a specific fee is considered an exception to the general "at cost" provision. *State ex rel. Slagle v. Rogers*, 103 Ohio St.3d 89, 2004-Ohio-4354, 814 N.E.2d 55. In *Slagle,* we held that the "at cost" provision of R.C. 149.43(B)(1) means "the actual cost of making copies, 'unless the cost is otherwise set by statute.' " *Id.* at ¶ 6, quoting *State ex rel. Warren Newspapers, Inc. v. Hutson,* 70 Ohio St.3d 619, 625, 640 N.E.2d 174 (1994). In *Hutson,* we cited 1989 Ohio Atty.Gen.Ops. No. 89-073 for the same proposition. Moreover, *Slagle* cited another Attorney General Opinion, requested by the relator in *Slagle*, which also held that when a specific statute establishes a method for determining the amount a party must pay for a photocopy of a transcript, that statute applies rather than the "at cost" provision in R.C. 149.43. 2002 Ohio Atty.Gen.Ops. No. 2002-014.

**{¶ 31}** Thus, under *Slagle* and the precedent cited there, a specific statute establishing a fee or a method for determining a fee for a requested public record acts as an exception to the general "at cost" language in R.C. 149.43. Here, the BMV permissibly set up a special procedure for the release of certain records, together with a special provision requiring the payment of a specific fee for that release. Under R.C. 1.51 and *Slagle*, these are special provisions that supersede the general language of R.C. 149.43.

**{¶ 32}** Therefore, MCS cannot get an unredacted copy of the driver's record without applying for it under Ohio Adm.Code 4501:1-12-02(D)(2) by completing form BMV1173 and by paying the $5 fee.

*The BMV is not estopped from arguing that*

*Ohio Adm.Code 4501:1-12-02 is valid*

**{¶ 33}** The doctrine of judicial estoppel prohibits a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. *Greer-Burger v. Temesi,* 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 25. MCS contends that the arguments made by the DPS and the BMV in another case—*Roth v. Guzman*, 650 F.3d 603 (6th Cir.2011)—estop them from making the arguments they make here. We disagree. *Roth* is factually distinguishable and was decided based on federal law alone. Moreover, at the time relevant to the facts in *Roth,* Ohio Adm.Code 4501:1-12-02 did not contain the two options now found in sections (D)(1) and (D)(2). 2000-2001 Ohio Monthly Record 58. Finally, the arguments made there by the BMV are not at odds with the arguments made here.

**{¶ 34}** The issue in *Roth* was whether the DPS director and the BMV registrar had qualified immunity under the federal DPPA for their disclosure of personal information in bulk to a company, Shadowsoft, Inc. Shadowsoft had applied for personal information of Ohio drivers in bulk, asserting that it had a legitimate reason for the information, and signed an agreement that it would use

11

the information in conformity with all applicable laws governing personal information. According to the plaintiffs in *Roth,* Shadowsoft later sold the entire database to an entity that placed it on a public website, in contravention of the DPPA. The plaintiffs—Ohio drivers whose personal information, as defined by the federal DPPA, was posted on the website—sued the BMV and the DPS, attempting to hold them liable for Shadowsoft's improper use. *Roth* at 607-609. Shadowsoft had apparently submitted form BMV1173 and apparently paid the fee required at the time. *Id.* at 608.

{¶ 35} MCS contends that the DPS and the BMV in *Roth* argued that when a requester fills out the proper forms, asserts that the disclosure is for a proper purpose, and pays the proper fee, as Shadowsoft did, the BMV is required to disclose under the Ohio Public Records Act. MCS claims that this argument is inconsistent with the arguments made here. But MCS ignores the fact that Ohio Adm.Code 4501:1-12-02 was amended after the events at issue in *Roth* to include the two separate options in sections (D)(1) and (D)(2) and their related requirements. 2000-2001 Ohio Monthly Record 58. Whatever might have been the factual situation in *Roth*, MCS must comply with the rule as it exists now, and BMV is not estopped from arguing that MCS must follow that rule.

*Motor Carrier Service is not entitled to an award of attorney fees*

{¶ 36} Because MCS's public-records mandamus claim lacks merit, it is not entitled to an award of attorney fees. *State ex rel. Dawson v. Bloom–Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 34.

**Conclusion**

{¶ 37} MCS cannot get an unredacted copy of an employee's driving record without applying for it under Ohio Adm.Code 4501:1-12-02(D)(2) by completing form BMV1173 and by paying the $5 fee. We affirm the judgment of the Tenth District Court of Appeals in case No. 2012-1264 and deny the writ in case No. 2012-1394.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

_____

Vorys, Sater, Seymour & Pease, L.L.P., Lisa Pierce Reisz, Kenneth J. Rubin, and Thomas E. Szykowny, for relator in case No. 2012-1394 and appellant in case No. 2012-1264.

Michael DeWine, Attorney General, and William J. Cole and Hillary R. Damaser, Assistant Attorneys General, for respondents in case No. 2012-1394 and appellees in case No. 2012-1264.

_____