[Cite as *Smith v. Warcog*, 2024-Ohio-1402.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

MICHAEL T. SMITH

    Relator

C.A. No.    23AP0018

v.

WARCOG

    Respondent

ORIGINAL ACTION IN
MANDAMUS

Dated: April 15, 2024

PER CURIAM.

{¶1} Relator, Michael T. Smith, has filed a complaint seeking a writ of mandamus to order Respondent, the Wooster-Ashland Regional Council of Governments, or WARCOG, to release of public records and for damages for its failure to timely provide the requested records. After WARCOG filed its answer, both parties moved for summary judgment. For the following reasons, we deny Mr. Smith's motion for summary judgment and grant WARCOG's motion for summary judgment.

{¶2} The appropriate remedy to compel compliance with the Public Records Act, R.C. Chapter 149, is mandamus. *State ex rel. Physicians Committee for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. When Mr. Smith did not receive the records he requested under the act, he filed a complaint for writ of mandamus.

{¶3} According to the undisputed facts, Mr. Smith submitted a request to WARCOG for recordings of calls to a 911 call center regarding two incidents along with documents reflecting

the information reported in the calls.  WARCOG released redacted documents to Mr. Smith, but did not provide the audio recordings.  WARCOG explained that the redacted information and the audio recordings were not public records subject to disclosure.

{¶4}     In his complaint, Mr. Smith asked this Court to grant the writ of mandamus to order WARCOG to provide unredacted copies of the documents and the audio recordings.  He asserted that the unredacted documents and audio recordings he requested were public records not subject to any exception.  Mr. Smith also sought damages for the wrongful withholding of the public records.  In its answer, WARCOG admitted to the relevant factual allegations set forth in the complaint.  The answer also responded that the requested documents and recordings were not public records and, therefore, only the redacted documents Mr. Smith already received should be provided, but not the audio recordings.  After the answer was filed, both parties moved for summary judgment.

*Summary Judgment standard*

{¶5}     To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings.  Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated.  *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).  Finally, both parties relied on exhibits in their motions for summary judgment that were not incorporated into properly framed affidavits.

Because neither party objected to this procedure, this Court can consider the exhibits in reaching its decision. *State ex rel. Jefferson v. Russo*, 159 Ohio St.3d 280, 2020-Ohio-338, ¶ 14.

*The Public Records Act and Mandamus*

{¶6}    The "Public Records Act requires a public office to make public records available upon request, within a reasonable period of time." *State ex rel. Cincinnati Enquirer v. Wilson*, Slip Opinion No. 2024-Ohio-182, ¶ 7, citing R.C. 149.43(B)(1).  As already noted, mandamus is the appropriate remedy to compel compliance with the Public Records Act.  Generally, "Although '[w]e construe the Public Records Act liberally in favor of broad access and resolve any doubt in favor of disclosure of public records,' * * * the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence." *State ex rel. Motor Carrier Serv., Inc. v. Rankin*, 135 Ohio St.3d 395, 2013-Ohio-1505, ¶ 18, quoting *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, ¶ 6.

{¶7}    To be entitled to the writ, Mr. Smith must demonstrate, by clear and convincing evidence, that he has a clear legal right to the requested relief and that WARCOG has a clear legal duty to provide that relief. *Cincinnati Enquirer v. Wilson*, 2024-Ohio-182, ¶ 7.  In a public records case, unlike other mandamus actions, the relator does not need to establish that there is no adequate remedy at law.  *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24.

{¶8}    "If a record does not meet the definition of a public record, or falls within one of the exceptions to the law, the records custodian has no obligation to disclose the document." *State ex rel. Plunderbund Media v. Born*, 141 Ohio St.3d 422, 2014-Ohio-3679, ¶ 18.  In this respect, however, the approach is generally one allowing open access and exceptions to disclosure are strictly construed against the public-records custodian.  *State ex rel. Cincinnati Enquirer v. Jones-*

*Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus. It is the holder of the public record who has the burden to establish the applicability of an exception. *Id.*

**{¶9}** Under R.C. 149.43(A)(1), records kept by any public office are "public records" unless they fall under an exception. The General Assembly, through the Public Records Act, has granted a substantive right to inspect and copy public records. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, ¶ 19. The Public Records Act, however, contains a number of exceptions, including one at issue in this case.

**{¶10}** R.C. 149.43(A)(1) defines a public record to mean a record kept by a public office. That same provision also provides that a public record does not mean any of the items specifically enumerated in the statute. One provision in particular, R.C. 149.43(A)(1)(v), applies to this case. Read in context, the statute provides that a public record does not mean "[r]ecords the release of which is prohibited by state or federal law". *Id.* Mr. Smith and WARCOG disagree about whether this provision applies to exempt the records Mr. Smith requested from disclosure.

**{¶11}** WARCOG relied on this provision when it did not provide all of the requested records to Mr. Smith. It also relied on this section in its answer and in its motion for summary judgment. Because the nature of the records is critical, we review them before addressing whether they are records that may not be released pursuant to state law.

*The records Mr. Smith sought*

**{¶12}** Mr. Smith requested audio recordings of two calls to the non-emergency reporting line at WARCOG. These phone calls, and the related "Call Summary Report" records that documented the phone calls, provided information about a juvenile female who was reported missing, had been suspected of being trafficked, and who was with an unrelated adult male.

{¶13} Mr. Smith argued in his motion for summary judgment that the 911 recordings were undisputably public records, citing to *State ex rel. Dispatch Printing Co. v. Morrow Cty. Prosecutor's Office*, 105 Ohio St.3d 172, 2005-Ohio-685. In that decision, the Supreme Court quoted its earlier decision in which it wrote that the moment the recordings were made as a result of the calls, "the tapes became public records." *Id.*, quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 377-378 (1996). In *Cincinnati Enquirer v. Hamilton Cty.*, at 377, the Court explained that 911 systems are used to compile information, not to preserve evidence for criminal prosecution.

{¶14} That discussion is important to deciding this case because of the context. In that case, the Supreme Court considered the confidential law enforcement investigatory records exception codified in R.C. 149.43. *Id.* at 378. When considering that exception, the Court recognized that 911 calls are not intended to preserve evidence. The Court concluded the exception did not apply because a 911 call often preceded any criminal investigation. *Id.* The calls at issue before the Supreme Court involved reports by citizen-callers of an assault that resulted in the death of one victim and gun shots that resulted in the death of a second victim. *Id.* at 374.

{¶15} The Supreme Court noted one other important aspect of its decision that also applies here. In describing the purpose of 911 calls, the Court wrote in terms of the context of the case before it. The Court recognized that 911 recordings are not prepared by attorneys or law enforcement officials and they are routinely recorded without any specific investigatory purpose in mind. *Id.* at 378. Most importantly, the Court explained that "[t]here is no expectation of privacy when a person makes a 911 call. Instead, there is an expectation that the information provided will be recorded and disclosed to the public." *Id.* In the matter pending before the

Supreme Court, under the specific facts of the case, the 911 callers had no expectation of privacy and, instead, they were reporting ongoing criminal activity. Here, however, the situation is very different. The caller in the case before this Court had an obligation to report to law enforcement and, based on the mandatory reporting statute, an expectation that the report would be confidential.

*Mandatory reporting of child abuse or neglect*

{¶16} By statute, certain people are required to report child abuse or neglect. R.C. 2151.421(A) and (B). The report may be made by telephone, electronically, or in person. R.C. 2151.421(C). The report, however it is made, is confidential (with limited exceptions, not applicable here, that allow disclosure to protect the juvenile or if the juvenile dies). R.C. 2151.421(I)(1).

{¶17} Thus, the facts in this case differ in one significant way from *Cincinnati Enquirer v. Hamilton Cty*. In that case, the 911 callers made their calls to report ongoing criminal activity. The Supreme Court referred to the recordings as the "tapes which initiate criminal investigations" because, in that case, that is precisely what happened. *Cincinnati Enquirer*, 75 Ohio St.3d at 377. But the callers were not required to call 911 to report the criminal activity. They did so and, as the Supreme Court recognized, they had no expectation of privacy when they placed the call. *Id.* at 378.

{¶18} In this case, where child abuse or neglect was at issue, the caller was required by statute to immediately report that abuse or neglect. R.C. 2151.421(A) and (B). A mandated reporter who calls law enforcement to make a report, unlike the citizen-callers in *Cincinnati Enquirer v. Hamilton Cty.*, has an expectation of privacy in that call because, by statute, the report is confidential. R.C. 2151.421(I)(1).

**{¶19}** Mr. Smith articulated a number of reasons why these recordings and documents should not be excepted from disclosure. He noted, for example, that calls to a non-emergency number should not be treated any differently than calls to an emergency number. That argument misses two important points. First, the Supreme Court's decisions that required disclosure of 911 call recordings did not deal with the same kinds of calls at issue in this case. The Supreme Court did not need to consider whether a call reporting a matter that, by statute, is confidential must be disclosed. It did, however, recognize that one of the newspapers that sought disclosure of the 911 recordings acknowledged that disclosure would not be required if the holder of 911 recordings could establish a 911 call satisfies an exemption from public access. *Cincinnati Enquirer* at 377, fn.2. That is precisely the situation in this case.

**{¶20}** Second, the Supreme Court has recognized that the question of whether something must be confidential has already been decided by the General Assembly. By enumerating narrow, specific, exceptions to the public records act, the General Assembly has weighed the competing public policy considerations and, as it relates to this case, determined that calls reporting abuse of a child shall be confidential. *See, e.g., State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 172 (1994). While Mr. Smith may have arguments to the contrary, those are for the General Assembly to consider, not this Court. The Supreme Court has "not authorized courts or record custodians to create new exceptions to R.C. 149.43 based on a balancing of interests or generalized privacy concerns." *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, ¶ 31.

*Mandatory reports are confidential and not subject to disclosure*

**{¶21}** R.C. 2151.421(A) and (B) require a report of abuse or neglect of a juvenile. That report is confidential, pursuant to state law. R.C. 2151.421(I)(1). Mr. Smith sought records from

WARCOG pursuant to R.C. 149.43. WARCOG provided redacted documents but did not provide the audio recordings.

{¶22} R.C. 149.43 requires the holder of public records to provide the requested records upon request, unless an exception applies. R.C. 149.43(A)(1)(v) exempts from disclosure any records the release of which is prohibited by state law. R.C. 2151.421(I)(1) mandates that a report pursuant to R.C. 2151.421(A) or (B) is confidential. Because the records fall under the confidentiality provision of R.C. 2151.421(I)(1), they are exempt from disclosure under R.C. 149.43(A)(1)(v). *See, e.g., State ex rel. Clough v. Franklin Cty. Children Servs.*, 144 Ohio St.3d 83, 2015-Ohio-3425, ¶ 22.

*Conclusion*

{¶23} Upon review of the competing motions for summary judgment, we have concluded that there is no genuine dispute as to material facts. We further conclude that the requested records are excepted from disclosure because the release of the records is prohibited by state law. Thus, WARCOG is entitled to judgment as a matter of law. Accordingly, Mr. Smith's motion for summary judgment is denied and WARCOG's motion for summary judgment is granted.

{¶24} Judgment is granted in favor of WARCOG and the complaint for writ of mandamus and damages is denied.

{¶25} Costs of this action are taxed to Mr. Smith. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

MICHAEL T. SMITH, Pro se, Relator.

JOHN A. SCAVELLI, JR., Director of Law, for Respondent.